

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT - 7 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ARTHUR DOE, BRENDA DOE, CAROL DOE, DIANA DOE, AND ELIZABETH DOE,

Plaintiffs,

v.

JIM HOOD, Attorney General of the State of Mississippi; ALBERT SANTA CRUZ, Commissioner of the Mississippi Department of Public Safety; CHARLIE HILL, Director of the Mississippi Sex Offender Registry; COLONEL CHRIS GILLARD, Chief of the Mississippi Highway Patrol; LIEUTENANT COLONEL LARRY WAGGONER, Director of the Mississippi Bureau of Investigation,

Defendants.

Civil Case No.: 3:16-cv-789 CWR-FKB

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ARTHUR DOE, BRENDA DOE, CAROL DOE, DIANA DOE, AND ELIZABETH DOE, (collectively "Plaintiffs"), by and through their attorneys, allege the following:

### NATURE OF ACTION

1.    In 2003, the Supreme Court held that the right to engage in certain intimate sexual conduct, historically known as sodomy, is constitutionally protected pursuant to the Fourteenth Amendment as a matter of substantive due process. *See generally Lawrence v. Texas*, 539 U.S. 558 (2003). In *Lawrence*, the Supreme Court explicitly overruled its prior precedent, *Bowers v. Hardwick*, 478 U.S. 186 (1986), that had held that such intimate sexual conduct received no constitutional protection. *Lawrence*, 539 U.S. at 578. In the words of the Court, *Bowers*—a facial challenge to Georgia's sodomy prohibition—"was not correct when

it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled." *Id.* In so doing, the Supreme Court facially invalidated all sodomy statutes, including Mississippi's.

2.      Despite this clear proclamation made more than a decade ago, Mississippi continues to enforce its criminal statute prohibiting sodomy, titled Unnatural Intercourse, Miss. Code Ann. § 97-29-59, by requiring people convicted of Unnatural Intercourse to register as sex offenders and follow myriad, onerous prescriptions on their everyday life pursuant to Mississippi's sex offender registry law, Miss. Code Ann. § 45-33-21 *et seq.* ("registration law"). Mississippi also requires individuals convicted of violating sodomy prohibitions in other jurisdictions (whether or not those prohibitions are registerable offenses in the original jurisdiction) to comply with Mississippi's registration law. This is so despite the fact that Mississippi's Unnatural Intercourse statute is indistinguishable from the sodomy statute struck down as facially unconstitutional by the Supreme Court in *Lawrence*.

3.      Mississippi's sex offender registration law places numerous requirements upon the public and personal lives of registrants. Registrants' pictures and personal information are displayed on a publically-accessible state website. Registrants are forced to relinquish personal information to the state such as any address at which the individual stays for more than seven consecutive nights, complicating even brief travel and simple vacations. The statute places significant burdens on activity as innocuous as camping and going to the beach. Registrants are forced to disclose to the state all online usernames and identities, in addition to a plethora of information such as work, home, and school addresses that can expose registrants to retribution. The statute mandates disclosure of registrants' status as "sex offenders" to potential employers and some organizations with which registrants volunteer. Registrants are forced to appear at a Driver's License Station every ninety days for re-registration. Conditions are even placed on registrants attending their own children's school, including the acts

2

of simply providing transportation or attending a parent-teacher conference.

4.     Due to Unnatural Intercourse convictions, or out-of-state convictions for viola-
tions of sodomy statutes that Mississippi deems equivalent to Unnatural Intercourse, Plain-
tiffs and the putative class members in this action have been placed on the Mississippi Sex
Offender Registry (MSOR or "the Registry"). Thus, they are subjected to these restrictions
pursuant to a facially unconstitutional statute. Plaintiffs suffer severely as the sex offender
label provides a significant barrier for them in finding employment and housing, and involves
the state in the daily management of their lives.

5.     Plaintiffs bring this action to prevent the continued application and enforce-
ment of Mississippi's sodomy prohibition, Miss. Code Ann. § 97-29-59. Specifically, Plain-
tiffs seek a declaration that 1) Mississippi's sodomy prohibition, Miss. Code Ann. § 97-29-
59, is facially unconstitutional as to activity between human beings and as applied to Plain-
tiffs; 2) Miss. Code Ann. § 45-33-23(h)(xi), which makes sodomy an offense subject to Mis-
sissippi's registration law, is facially unconstitutional as to activity between human beings
and as applied to Plaintiffs; and 3) both Miss. Code Ann. §§ 45-33-23(h)(xxi) (conviction in
another jurisdiction which, if committed in Mississippi, would be a registerable offense with-
out regard to its designation elsewhere) and 45-33-23(h)(xxii) (conviction in another jurisdic-
tion which requires registration in the jurisdiction where the conviction was had), are uncon-
stitutional as applied to Plaintiffs and other similarly-situated individuals. Plaintiffs seek in-
junctive relief against the state from continuing to enforce the above-enumerated statutes.
Plaintiffs also seek a declaration that the application of the registry law to Plaintiffs is and
was unjustified, unconstitutional, and unlawful. Plaintiffs further seek an injunction compel-
ling Defendants to remove Plaintiffs from the MSOR, expunge all records signaling their past
inclusion on the registry, and/or enjoining defendants from administering and enforcing the
registry law. In addition, Plaintiffs seek an award of costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6.      Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983 and under the Fourteenth Amendment to the United States Constitution.

7.      This court has jurisdiction to hear Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

8.      Venue is proper in the United States Court for the Southern District of Mississippi under 28 U.S.C. § 1391(b)(2) because five of the named Plaintiffs reside in this judicial district, and because a substantial part of the acts that gave rise to this lawsuit occurred principally in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district.

## PARTIES

### I.    Plaintiffs

9.      Plaintiffs are Mississippi residents who have been charged under various sodomy prohibitions, including Mississippi's Unnatural Intercourse law and Louisiana's Crime Against Nature by Solicitation law, for a "crime against nature committed with mankind." Miss. Code Ann. § 97-29-59. As a result of these convictions, all Plaintiffs are required to register with the Mississippi Department of Public Safety as sex offenders pursuant to Mississippi's sex offender registration law.

10.     The Plaintiff class consists of all persons who have been or may be subject to the MSOR for convictions for Unnatural Intercourse or convictions considered to be out-of-state equivalents to Unnatural Intercourse, for a "crime against nature committed with mankind." References to "Plaintiffs" herein shall be deemed to include the named Plaintiffs and the putative Plaintiff class.

### II.   Defendants

11.     Defendant JIM HOOD is the Attorney General of the State of Mississippi. As

4

Attorney General, Defendant Hood is "the chief legal officer and advisor for the state, both civil and criminal[.]" Miss. Code Ann. § 7-5-1. He holds responsibility for numerous aspects of the justice system in Mississippi, including representing and advising Mississippi officials and government agencies, defending Mississippi state law, supervising Deputy Attorneys General and Assistant Attorneys General, among other employees, and issuing legal advisory opinions for state government departments, including those related to compliance with sex offender registration requirements. Defendant HOOD also works with other agencies to share information about registered individuals to detect and prevent crime. Miss. Code Ann. § 45-33-45. Defendant HOOD is sued in his official capacity.

12.     Defendant ALBERT SANTA CRUZ is the Commissioner of the Mississippi Department of Public Safety ("the Department") where he is the Department's chief executive officer. Employees of the Department, through its Driver's License Stations (DLSs), register most sex offenders and maintain the Mississippi sex offender registry itself, including administration of the online public Sex Offender Registry. Miss. Code Ann. §§ 45-33-25, 45-33-27, 45-33-49. Further, to facilitate both registration and its enforcement, employees within the Department communicate with both federal and other state agencies, offices and contractors regarding offender information, including the Federal Bureau of Investigation, the U.S. Marshals Service, jurisdictions to and from which individuals registered in Mississippi move, and Mississippi law enforcement. In addition to maintaining the online registry, the Department is also the state agency that disperses information about the registry to the public. Miss. Code Ann. §45-33-36, 45-33-49. The Department also has the power to establish fees for sex offenders subject to registration, Miss Code Ann. § 45-33-57. In his role as Commissioner, in addition to overseeing all actions undertaken by the Department's employees mentioned within this paragraph, Defendant SANTA CRUZ himself makes and adopts rules required to enforce sex offender registration and is authorized to suspend drivers' license privileges to

offenders failing to comply with registration requirements. Miss. Code Ann. § 45-33-33. Defendant SANTA CRUZ is sued in his official capacity.

13.     Defendant CHARLIE HILL is the Director of the Department of Public Safety Sex Offender Registry. In addition to overseeing this Department, Defendant HILL approves or denies requests from registered sex offenders to visit any public place where children may congregate, including beaches and campgrounds. Even with approval from Defendant HILL, registered sex offenders must report to Defendant HILL any "incidental" contact with any minor children. Miss. Code Ann. § 45-33-26(1)(b). Defendant HILL is sued in his official capacity.

14.     Defendant COLONEL CHRIS GILLARD is the Chief of the Mississippi Highway Patrol. The Highway Patrol enforces Mississippi law, including "all rules and regulations of the [Department of Public Safety] commissioner" such as sex offenses and action against noncompliant registerable sex offenders. Miss. Code Ann. § 45-3-21. Defendant GILLARD is sued in his official capacity.

15.     Defendant LIEUTENANT COLONEL LARRY WAGGONER is the Director of the Mississippi Bureau of Investigation (MBI). The MBI investigates crime and has the power to "enforce all the laws of the state of Mississippi," including sex offenses and noncompliance with registration requirements. Miss. Code Ann. § 45-3-21. The MBI is also specifically charged with sharing information with other law enforcement agencies and offices and private vendors that assist in enforcing Chapter 33. Miss. Code Ann. §45-33-45. Defendant WAGGONER is sued in his official capacity.

## STATEMENT OF FACTS

I.      **Statutory Overview**

    A.      **Mississippi's Unnatural Intercourse statute criminalizes consensual oral and anal sex.**

16.     Mississippi's Unnatural Intercourse statute, Miss. Code Ann. § 97-29-59,

states, in full, "[e]very person who shall be convicted of the detestable and abominable crime against nature committed with mankind or with a beast,[1] shall be punished by imprisonment in the penitentiary for a term of not more than ten years." The Mississippi Supreme Court found that an earlier version of the statute titled "Crime Against Nature" applied to anal sex but did not apply to oral sex. *State v. Hill*, 176 So. 719 (Miss. 1937). In 1942, the Mississippi legislature changed the name of the statute from "Crime Against Nature" to "Unnatural Intercourse." Subsequently, the Mississippi Supreme Court determined that the revised statute also prohibited oral sex, which it found was "unnatural, detestable, and abominable," and could be tried under the statute. *State v. Davis*, 79 So. 2d 452, 452-53 (Miss. 1955).

17.     Mississippi's Unnatural Intercourse statute is indistinguishable in all material respects from the Texas and Georgia statutes declared unconstitutional in *Lawrence*. The Texas statute at issue in *Lawrence* prohibited "engag[ing] in deviate sexual intercourse with another individual of the same sex," Tex. Penal Code Ann. § 21.06(a) (2003), and defined "[d]eviate sexual intercourse" as "(A) any contact between any part of the genitals of one person and the mouth or anus of another person; or (B) the penetration of the genitals or the anus of another person with an object." Tex. Penal Code Ann. § 21.01(1) (2003). The Georgia statute at issue in *Bowers v. Hardwick*, which *Lawrence* declared facially unconstitutional, 539 U.S. at 578, prohibited "sodomy," and defined "sodomy" as "any sexual act involving the sex organs of one person and the mouth or anus of another." Official Code of Ga. Ann. (O.C.G.A.) § 16-6-2 (1984).

### B.     Mississippi Registry Statute

18.     In 1987, prior to the establishment of the existing MSOR, Mississippi passed

---

[1] Plaintiffs confine their challenge to the portion of the Unnatural Intercourse statute barring a "crime against nature committed with mankind" and do not address the portion of the statute criminalizing sexual conduct "with a beast."

the "Sex Offense Criminal History Record Information Act," allowing the Attorney General to record information regarding people who had convictions for certain crimes, including Unnatural Intercourse, share that information with employers, and collect information from other states about these individuals. Miss. Code Ann. § 45-31-1 *et seq.* (1987).

19.     In 1995, Mississippi established the MSOR and included Unnatural Intercourse as a registerable offense. Miss. Code Ann. § 45-33-21 *et seq.*

20.     The legislature included the following offenses among those requiring registration as a sex offender: kidnapping of a child under 18 years old; rape (for adult offenders); rape and assault with intent to ravish; sexual battery (for adult offenders); enticing a child for concealment, prostitution, or marriage; touching of a child or "mentally defective or incapacitated person or physically helpless person"; disseminating sexually oriented material to children; sexual exploitation of children; carnal knowledge of a stepchild, adopted child, or child of a cohabitating partner; "unnatural intercourse"; sexual abuse of a vulnerable person; procuring sexual servitude of a minor; voyeurism involving a victim under 16 years old; filming another person without permission where there is an expectation of privacy; obscene electronic communication; sexual activity between law enforcement, corrections, or custodian personnel and prisoners; capital murder where one of the above offenses is the underlying crime; attempt, conspiracy, or accessory to commit any of the above; any offense resulting in a conviction in another jurisdiction which would be deemed registerable if committed in Mississippi without regard to its designation elsewhere; and any offense in another jurisdiction requiring registration in the jurisdiction where the conviction was had. Miss. Code Ann. § 45-33-23(h)(i-xxiv).

21.     As described in detail below, the registry statute imposes onerous requirements upon offenders, affecting many aspects of a registrant's life, including his or her ability to work, attend school, and change residences. These requirements significantly limit indi-

viduals' relationships with their communities while branding them with the stigmatic label of sex offender.

22.    Defendants impose registration requirements not only for individuals convicted under Mississippi's "Unnatural Intercourse" statute, but also for out-of-state crimes that have sodomy as an element of the conviction. For instance, Defendants require individuals convicted under Louisiana's Crime Against Nature by Solicitation ("CANS") statute to register, deeming it an "offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere[,]" Miss. Code Ann. § 45-33-23(h)(xxi), even though the elements of the CANS statute do not align with the elements of the Unnatural Intercourse statute.[2] Defendants impose this requirement despite the fact that solicitation or prostitution is not a registrable offense in Mississippi and CANS is no longer a registrable offense in Louisiana. Thus, Miss. Code Ann. § 45-33-23(h)(xxii), which requires registration for an "offense resulting in a conviction in another jurisdiction for which registration is required in the jurisdiction where the conviction was had," cannot apply to individuals with CANS convictions.

23.    Inclusion of Unnatural Intercourse convictions (or a conviction considered to be an out-of-state equivalent to Unnatural Intercourse) in the MSOR requires registration for activity that is squarely protected by the Fourteenth Amendment and pursuant to an unconstitutional statute.

### 1.    Registration Requirements

24.    Unless individuals are in custody, all individuals over the age of fourteen convicted of a registrable sex offense in Mississippi or in another jurisdiction must register as a

---

[2] Louisiana's Crime Against Nature by Solicitation statute prohibits the "*solicitation* by a human being of another with the intent to engage in any unnatural carnal copulation *for compensation.*" La Rev. Stat. § 14:89.2(A)(emphasis supplied). Mississippi's Unnatural Intercourse statute, by contrast, simply outlaws commission of sodomy and does not include an element of solicitation or compensation. Miss. Code Ann. § 97-29-59.

sex offender at the Department of Public Safety—usually at a Driver's License Station (DLS)—within three days of registration with another responsible agency if they reside, work or attend school in Mississippi.[3] Responsible agencies, which have the obligation to notify the individual of the registration requirement and register the individual, can include a court, the Department of Corrections or another agency. Miss. Code Ann. § 45-33-25(1)(a-b).

25.     The information that offenders are required to report upon registration is ency-clopedic in nature. The list includes current and former names, including nicknames, ethnic, or tribal names; all current temporary and permanent addresses, including any location which the registrant spends longer than seven or more nights; dates, places, and addresses of em-ployment, volunteer positions, or internships; crimes charged, arrested, or convicted; dates and places of conviction, adjudication, or acquittal by reason of insanity; description of crime(s); copy of conviction or sentencing order for registerable offense; registrant's parole, probation, or supervised release status; social security number; date, and place of birth; phys-ical and identifying factors including age, race, sex, height, hair, and eye color; driver's li-cense number; any anticipated future residence; make model, color, license number, and fre-quent location of any vehicle used for personal or employment use; offense history; photo-graph; finger and palm prints; documentation of any treatment for any mental abnormality or personality disorder; name of educational institution; any supervised release status or out-standing warrants; every online identity or screen name used, registered, or created by the registrant; professional licensing information; information from passport and immigration documents; all telephone numbers, including employment and residence phone lines; name of any educational institution at which the registrant works, carries a vocation, or attends school; and any other information deemed necessary. Miss. Code Ann. § 45-33-25(2)(a-aa).

---

[3] A "[r]esponsible agency" is defined as "the person or government entity whose duty it is to obtain information from a criminal sex offender upon conviction and to transmit that infor-mation to the Mississippi Department of Public Safety." Miss. Code Ann. § 45-33-23(g).

26.     Further, if the registrant lives in a motor vehicle, trailer, mobile home, or manufactured home, the registrant must provide any identifying number, license, registration, and description. Miss. Code Ann. § 45-33-25(2)(m). If the registrant lives in a houseboat, the hull identification number, serial number, name, registration number, color scheme, and permanent and frequent locations where the vehicle, trailer, mobile home, manufactured home, vessel, or houseboat is kept must be provided. *Id.*

27.     All registrants must also provide a biological sample to the Department of Public Safety for entry into the Mississippi Crime Laboratory's deoxyribonucleic acid (DNA) identification system. Miss. Code Ann. §§ 45-33-25(2)(s); 45-33-37.

28.     Both the Department of Public Safety and the Department of Corrections may assign fees to the offender at any time for the provision of registration services and electronic monitoring, respectively. Miss. Code Ann. § 45-33-57.

## 2.     Notification Requirements

29.     Under the registration statute, sex offenders must notify members of their community of their status as registrants, including volunteer agencies where registrants have direct and unsupervised contact with minors and places of employment where registrants participate in close contact with children. Miss. Code Ann. §§ 45-33-32; 45-33-59. Registrants must notify these organizations and agencies in writing and the organization must then notify the parents of any children whom the agency serves. Miss. Code Ann. § 45-33-32.

30.     The Department also makes a registrant's status as such available to the public through a number of different channels, including state and federal online registries, law enforcement agencies, schools within the jurisdiction of the offender, social service entities responsible for protecting minors, and prosecutors' offices. *See generally* Miss. Code Ann. § 45-33-36.

31.     Law enforcement has the ability to notify individuals as well as provide notifi-

11

cation to the community at large if any circumstances regarding registrants or registrants themselves pose a danger to anyone. Miss. Code Ann. § 45-33-49(6-7).

### 3.    Renewal and Update Requirements

32.    Reregistration creates significant burdens for Mississippi registrants. All registrants not subject to post-release electronic monitoring must re-register every 90 days. Miss. Code Ann. § 45-33-31(1)(b). For those registrants subject to post-release electronic monitoring (the only exception to the 90-day reregistration window), re-registration is limited to once per year. Miss. Code Ann. § 45-33-31(1)(a).

33.    Re-registration consists of appearing at the Driver's License Station to receive a new sex offender registration card and the updating of a registrant's address and phone number of his or her residence, workplace, school, and any other registration information that needs verification. Miss. Code Ann. § 45-33-31(1)(b) & (2). Registrants must also provide an updated photograph and payment of any fees due. Miss. Code Ann. § 45-33-31(2).

34.    Any time the registrant changes any information required at registration, he or she must inform the Department of Public Safety of the update. Miss. Code Ann. § 45-33-35(6)(a)(i-x). This includes information such as telephone, address, and online aliases, among other information. *Id*. The Department then has three days to change the registrant's information in the online public registry. Miss. Code Ann. § 45-33-36(2).

### 4.    Restricted Movement

35.    Registered sex offenders are prohibited from living in or traveling to most public places where children are present, with a few exceptions. Miss. Code Ann. §§ 45-33-25(4)(a); 45-33-26.

36.    First, absent certain limited exceptions, registrants are prohibited from living within three thousand feet of a school, child care facility, children's home, or recreational facility used by children. Miss. Code Ann. § 45-33-25(4).

37.     Second, registrants are prohibited from being present at schools, Miss. Code Ann. § 45-33-26(1)(a)(i-ii), or any beach or campground "where minor children congregate" without advanced approval from the Department of Public Safety. Miss. Code Ann. § 45-33-26(1)(b). Further, should the registrant have any "incidental contact" with any minor children, the registrant is under obligation to "immediately report" this incident to the Department. *Id.* Parents are exempted from this limitation when meeting with school officials about the registrant's child or when transporting their children to and from school. Miss. Code Ann. § 45-33-26(2)(a)(i-v). But even in these circumstances, registrant-parents must notify the principal of the registrant's presence on campus unless the registrant has prior permission from the superintendent or the school board to be present at the school. Miss. Code Ann. § 45-33-26(3). A school official must supervise the registrant if the registrant is in the presence of children. Miss. Code Ann. § 45-33-26(3)(b).

38.     Third, before moving to Mississippi or returning to it, registrants must provide at least ten days' notice to the Department. Miss. Code Ann. § 45-33-27(5).

### 5.     Emergency Management Requirements

39.     Registrants have special duties in the case of an emergency. If a registrant is present in an emergency shelter during an emergency, he or she must report his or her presence within 24 hours and notify the management of the facility, the sheriff of the county, and the chief of police of the municipality. Miss. Code Ann. § 45-33-28(1). The registrant must provide his or her full name, birth date, social security number, and last address of registration to site management. *Id.*

### 6.     Failure to Comply with MSOR

40.     Failure to register, re-register, comply with electronic monitoring, or otherwise comply with the statute results in fines of up to five thousand dollars and incarceration for up to five years. Miss. Code Ann. § 45-33-33(2)(a). Noncompliance can also result in arrest or

driver's license revocation. Miss. Code Ann. § 45-33-33(4, 7). Mississippi has incarcerated several individuals for failure to register, including those whose sole convictions are for Unnatural Intercourse.

### 7.   Duration of Registration and Relief from Registration

41.    There are three tiers of registerable sex offenses, each with its own minimum duration of registration. Tier 1 requires registration for a minimum of fifteen years; Tier 2 for a minimum of twenty-five years; and Tier 3 requires lifetime registration. Miss. Code Ann. § 45-33-47(2)(a-d). A first offense for Unnatural Intercourse or a conviction considered to be an out-of-state equivalent to Unnatural Intercourse is a Tier 2 offense and carries a minimum registration requirement of twenty-five years. Miss. Code Ann. § 45-33-47(2)(c)(i)(2, 6, 7).

42.    A second offense for Unnatural Intercourse or conviction considered to be an out-of-state equivalent requires the offender to register for lifetime registration without the possibility of relief from registration. Miss. Code Ann. § 45-33-47(2)(d)(xvi).

43.    Sex offenses that require registration are never able to be expunged, sealed, destroyed, or purged from someone's criminal record unless the registrant was a minor at the time of the offense. Miss. Code Ann. § 45-33-55. Instead, the only way to be removed from the MSOR is—after the expiration of the twenty-five year period for a Tier 2 offense—to petition the circuit court of the sentencing jurisdiction if convicted in Mississippi or the county in which the registrant lives if convicted outside of Mississippi. Miss. Code Ann. § 45-33-47(2). Even deceased individuals remain on the registry.

44.    Plaintiffs are subject to all of the above restrictions as a result of convictions under a statute that is unconstitutional on its face or under a statute that is considered to be an out-of-state equivalent.

45.    Requiring individuals convicted solely of Unnatural Intercourse (or a conviction considered to be an out-of-state equivalent) to register as sex offenders serves no legiti-

mate purpose. The mandate that they be subject to the harsh requirements of the sex offender registry law is unjustifiable and unconstitutional.

## II.    Class Action Allegations

46.    The named Plaintiffs bring this action individually and on behalf of all persons who have been or may in the future be subject to the MSOR for convictions for Unnatural Intercourse or convictions, like Louisiana CANS convictions, considered to be out-of-state equivalents to Unnatural Intercourse. This class action is brought for the purpose of obtaining declaratory and injunctive relief only.

47.    The Defendants have acted on grounds generally applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

48.    The putative class is so numerous as to render joinder impractical. There are dozens of individuals statewide who must register as sex offenders solely or in part because of a conviction for Unnatural Intercourse or a conviction considered to be an out-of-state equivalent. These individuals are geographically dispersed throughout the state. Moreover, there are hundreds of individuals in Louisiana with CANS convictions, which are considered to be out-of-state equivalents to Mississippi's Unnatural Intercourse statute. They too would be subject to mandatory registration should they relocate to Mississippi. On information and belief, members of the putative class are also of limited financial means, in part due to the disabilities imposed on them by the requirement that they register as sex offenders. Joinder is also impractical because many members of the class are not aware that their rights have been violated and/or are without adequate means or resources, at least in part due to the disabilities imposed on them by the requirement that they register as sex offenders. The putative class members are unlikely to retain counsel or seek redress in court in individual civil rights lawsuits or other legal proceedings. There is no effective and appropriate means of ensuring vindication of the rights of all members of the class other than a class action.

49.     Questions of law and fact are common to the class, including whether sex of-fender registration requirements are imposed pursuant to an Unnatural Intercourse conviction or a conviction considered to be an out-of-state equivalent, and whether imposition of a man-datory sex offender registration requirement therefore violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

50.     Because the fact of an Unnatural Intercourse conviction or out-of-state equiva-lent is the sole prerequisite for their sex offender registration, Miss. Code Ann. § 45-33-23(h)(i-xxiii), the named Plaintiffs' claims are typical of those of the class and all class mem-bers share the common and typical claim that imposition of a sex offender registration re-quirement on individuals convicted of Unnatural Intercourse or laws considered to be out-of-state equivalents violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

51.     The legal theories and factual predicates upon which the named Plaintiffs seek declaratory and injunctive relief are the same as those of the members of the class, and the legal harms suffered by the named Plaintiffs and the class plaintiffs are identical.

52.     The named Plaintiffs will fairly and adequately represent the common class in-terest. The named Plaintiffs have a strong interest in achieving the relief requested in this Complaint, they have no conflicts with members of the Plaintiff class, and they will fairly and adequately protect the interests of the class. All of the named Plaintiffs have been and contin-ue to be subject to the unconstitutional imposition of sex offender registration requirements on the basis of an Unnatural Intercourse conviction or conviction considered to be an out-of-state equivalent, and therefore all named Plaintiffs have a substantial incentive to gain legal relief.

53.     The named Plaintiffs are represented by counsel who are well experienced in civil rights and class action litigation and are familiar with the issues in this case. Counsel for

the Plaintiffs know of no conflicts among or between members of the class, the named Plain-

tiffs, or the attorneys in this action.

### III.   Facts Specific to the Named Plaintiffs[4]

#### A.   ARTHUR DOE

54.    ARTHUR DOE currently resides in Mississippi.

55.    ARTHUR DOE has one conviction under Mississippi's Unnatural Intercourse

statute, Miss. Code Ann. § 97-29-59, dating from 1979 for a "crime against nature committed

with mankind[.]" His conviction pre-dates the enactment of Mississippi's sex offender regis-

tration scheme, which went into effect in 1996. He has no other convictions that would trig-

ger registration requirements in Mississippi.

56.    In or about 2008, ARTHUR DOE was released under supervision from federal

prison, where he had been serving a 30-month sentence for a non-violent, non-registrable of-

fense, and placed on probation. Although *Lawrence v. Texas*, 539 U.S. 558 (2003), had been

---

[4]    Plaintiffs seek to proceed under pseudonyms in order to protect their identities from
both the public and from defendants. Because people registered as sex offenders, as well as
their family members, are often targets of harassment, intimidation, and violence, Plaintiffs
reasonably fear disclosing their identity in the public realm. While the identities of all indi-
viduals registered as sex offenders in Mississippi are publicly available through a website
maintained by the State of Mississippi, members of the public must affirmatively seek out
this information. Requiring Plaintiffs to disclose their identities in connection with this litiga-
tion, which names high-level state officials as defendants, would subject them to a signifi-
cantly greater level of public exposure of their status on the sex offender registry and place
them at substantially increased risk of hostile reaction from the public, opprobrium, social
ostracization, considerable harassment, serious retaliatory harm, and violence. *See Doe v.
Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Indeed, requiring Plaintiffs to disclose their identi-
ties to the public would exacerbate the very harms which are the subject of Plaintiffs' com-
plaint, resulting in further violation of their right to privacy and unconstitutional disclosure of
highly sensitive personal information.
    Plaintiffs also seek to shield their identities from defendants because they are chal-
lenging governmental activity, and thus placing themselves at risk of retaliation by govern-
ment officials who retain a considerable degree of control over Plaintiffs' daily lives, with
potentially drastic consequences, including loss of liberty. *See Doe*, 653 F.2d at 186; *Does I
Thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).
    Moreover, Plaintiffs' identities are immaterial to the claimed constitutional violations,
and knowledge of their actual identities is not necessary to adjudicate the claims or defenses
in this case. Accordingly, Plaintiffs respectfully request the Court's permission to proceed in
this litigation using pseudonyms.

decided five years before, ARTHUR DOE's federal probation officer advised him that his Un-natural Intercourse conviction triggered the requirement to register.

57.     ARTHUR DOE was terminated from supervised release or probation in Decem-ber 2011. Upon his release, he was again advised by his federal probation officer that his Un-natural Intercourse conviction triggered the requirement to register in Mississippi.

58.     ARTHUR DOE has suffered harm, including loss of housing and physical as-sault when exposed as a registrant, and denial of opportunities to work and to participate in family and religious activities, as well as embarrassment, shame, fear, and humiliation, as a result of the continued application of Miss. Code Ann. § 97-29-59 and the registration re-quirements imposed by Miss. Code Ann. § 45-33-23(h)(xi).

**B.     BRENDA DOE**

59.     BRENDA DOE currently resides in Mississippi.

60.     BRENDA DOE has a single conviction of Louisiana's Crime Against Nature by Solicitation ("CANS") statute dating from 2007. Pursuant to that conviction, BRENDA DOE was made to register as a sex offender pursuant to La. Rev. Stat. Ann. § 15:542 *et seq.*

61.     After BRENDA DOE returned to her family home in Mississippi in 2007, she was advised by Mississippi state police that she was required to register as a sex offender in Mississippi as a result of her CANS conviction in Louisiana.

62.     In 2011, when BRENDA DOE was again living in Louisiana, nine plaintiffs brought suit seeking a declaration that their registration as sex offenders pursuant to La. Rev. Stat. Ann. § 15:542 *et seq.* for violations of Louisiana's CANS statute was unconstitutional and to order the state to remove them from Louisiana's sex offender registry and expunge all records indicating that were ever so registered.

63.     In 2012, the United States District Court for the Eastern District of Louisiana found that these plaintiffs' inclusion in the Louisiana sex offender registry violated the Four-

18

teenth Amendment and entered summary judgment for the plaintiffs. *See Doe v. Jindal*, 851 F. Supp. 2d 995 (E.D. La. 2012).

64.     Six weeks later, in response to the Court's judgement, the Louisiana legislature enacted into law a provision for individuals convicted under CANS to petition for removal from the registry. La. Rev. Stat. Ann. §15:542(F)(4) (2012) (as amended by Act 402).

65.     Shortly thereafter, BRENDA DOE and three other named plaintiffs filed a subsequent class action lawsuit, *Doe v. Caldwell*, Civil Case No. 12-1670, in the Eastern District of Louisiana. The plaintiffs sought, *inter alia*, a declaration that the CANS statute violated the Equal Protection Clause of the Fourteenth Amendment insofar as it required individuals convicted of CANS to register as sex offenders and an order that the defendants remove the named plaintiffs and class members from the sex offender registry. On June 10, 2013, the parties settled their claims, with Louisiana agreeing to remove from the sex offender registry nearly 900 individuals who had been required to register solely because of a Crime Against Nature by Solicitation (CANS) conviction. As a result, BRENDA DOE was removed from the Louisiana sex offender registry.

66.     BRENDA DOE has no other convictions requiring registration as a sex offender in the State of Louisiana, the State of Mississippi, or anywhere else.

67.     In August, 2014, BRENDA DOE's counsel, on her behalf, authored a letter to officials at the Mississippi Sex Offender Registry notifying the Registry that BRENDA DOE was removed from the Louisiana sex offender registry (as had all individuals registered as sex offenders in Louisiana solely because of a conviction or multiple CANS convictions under La. Rev. Stat. Ann. §14:89(A)(2) or La. Rev. Stat. Ann. §14:89.2(A)), and that, after legislative amendments in 2011, CANS is no longer an offense requiring sex offender registration in Louisiana, *see* La. Sess. Law Serv. Act 223 (H.B. 141)), 2011 La. HB 141. Counsel therefore requested that BRENDA DOE be removed from Mississippi's Sex Offender Registry because

the offense for which she was convicted is no longer one that requires sex offender registration in Louisiana and therefore cannot qualify as a registrable offense under Miss. Code. Ann. § 45-33-23(h)(xxii) (requiring registration in Mississippi for an "offense resulting in a conviction in another jurisdiction for which registration is required in the jurisdiction where the conviction was had").

68.    During a subsequent phone call with counsel for the Mississippi Sex Offender Registry, BRENDA DOE's counsel further informed the Registry that because Mississippi did not include solicitation as a registerable offense, BRENDA DOE's conviction was not an "offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere." Miss. Code. Ann. § 45-33-23(h)(xxi). Counsel for the Registry informed Ms. DOE's counsel that BRENDA DOE's conviction was an offense that "if committed in this state, would be deemed to be such a crime" pursuant to Miss. Code Ann. § 97-29-59's criminalization of sodomy.

69.    Plaintiffs' Counsel informed Counsel for the Registry that Section 97-29-59 was unconstitutional pursuant to the Supreme Court's 2003 decision in *Lawrence v. Texas*. Counsel for the Registry, however, continued to assert the validity of BRENDA DOE's registration requirement.

70.    BRENDA DOE continues to be required to register in Mississippi despite the fact that she no longer has a registrable offense in Louisiana, and therefore cannot be required to register under Miss. Code Ann. § 45-33-23(h)(xxii). Thus, the only possible reason for Mississippi to continue requiring that she register is that Mississippi deems a conviction under Louisiana's CANS statute to be the equivalent of a conviction under Mississippi's Unnatural Intercourse statute and thus an offense "which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere." Miss. Code Ann. § 45-33-23(h)(xxi).

71.     BRENDA DOE has suffered harm, including denial of employment and opportunities to participate in family, cultural, and religious activities in her community, as well as embarrassment, shame, fear, and humiliation, as a result of the continued application of Miss. Code Ann. § 97-29-59 and the registration requirements imposed by Miss. Code. Ann. § 45-33-23(h)(xxi) insofar as it requires registration for out-of-state crimes that would be punishable as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

C.     CAROL DOE

72.     CAROL DOE currently resides in Mississippi.

73.     CAROL DOE has a conviction under Louisiana's Crime Against Nature by Solicitation ("CANS") statute dating from 2000. Pursuant to that conviction, CAROL DOE was made to register as a sex offender pursuant to La. Rev. Stat. Ann. § 15:542 *et seq*. CAROL DOE has no other convictions that would trigger registration requirements in Mississippi.

74.     After CAROL DOE moved to Mississippi in or about 2006, she registered as a sex offender in Mississippi as a result of her CANS conviction in Louisiana.

75.     In 2013, shortly after the Louisiana legislature enacted a provision for individuals convicted under CANS to petition for removal from the registry, La. Rev. Stat. Ann. §15:542(F)(4) (2012) (as amended by Act 402), CAROL DOE successfully petitioned to be removed from the Louisiana sex offender registry.

76.     In or about 2014, CAROL DOE brought the paperwork documenting her removal from the Louisiana sex offender registry to the county office in Mississippi at which she was required to register. CAROL DOE requested to be removed from the Mississippi registry based on the fact that the Louisiana conviction no longer required registration in Louisiana, and therefore should not require registration in Mississippi.

77.     An official at the county office told CAROL DOE that she would contact officials in Jackson, Mississippi about her request. A few days later, the official contacted CAROL

21

DOE by telephone and stated that she would not be removed from the registry.

78.    As with BRENDA DOE, DIANA DOE, AND ELIZABETH DOE, CAROL DOE continues to be required to register in Mississippi despite the fact that she no longer has a registrable offense in Louisiana, and therefore cannot be required to register under Miss. Code. Ann. § 45-33-23(h)(xxii). Thus, the only possible reason for Mississippi to continue requiring that she register is that Mississippi deems a conviction under Louisiana's CANS statute to be the equivalent of a conviction under Mississippi's Unnatural Intercourse statute and thus an offense "which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere." Miss. Code Ann. § 45-33-23(h)(xxi).

79.    CAROL DOE has suffered harm, denial of employment, constant fear of losing housing and jobs, and opportunities to participate in family activities in her community, as well as embarrassment, shame, fear, and humiliation, as a result of the continued application of Miss. Code Ann. § 97-29-59 and the registration requirements imposed by Miss. Code. Ann. § 45-33-23(h)(xxi) insofar as it requires registration for out-of-state crimes that would be punishable as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

### D.    DIANA DOE

80.    DIANA DOE currently resides in Mississippi.

81.    DIANA DOE has a conviction under Louisiana's Crime Against Nature by Solicitation ("CANS") statute dating from 1999. Pursuant to that conviction, DIANA DOE was made to register as a sex offender pursuant to La. Rev. Stat. Ann. § 15:542 *et seq*. DIANA DOE has no other convictions that would trigger registration requirements in Mississippi.

82.    When DIANA DOE moved to Mississippi in or about 2005, she registered as a sex offender in Mississippi as a result of her CANS conviction in Louisiana.

83.    DIANA DOE was a member of the plaintiff class of individuals with CANS convictions in *Doe v. Caldwell*, (see ¶ 65, *supra*). In light of the Eastern District of Louisi-

ana's prior ruling in *Doe v. Jindal*, 851 F. Supp. 2d at 995, that sex offender registration resulting from a CANS conviction violated the Equal Protection Clause, the parties in *Caldwell* settled their claims, and Louisiana agreed to remove from the sex offender registry nearly 900 individuals who had been required to register solely because of a CANS conviction. As a class member, DIANA DOE was removed from the sex offender registry in Louisiana in 2013.

84.    As with BRENDA DOE, CAROL DOE, and ELIZABETH DOE, DIANA DOE continues to be required to register in Mississippi as a result of her CANS conviction despite the fact that CANS is no longer a registrable offense in Louisiana and therefore cannot qualify as a registrable offense under Miss. Code. Ann. § 45-33-23(h)(xxii). Thus, the only possible reason for Mississippi to continue requiring that she register is that Mississippi deems a conviction under Louisiana's CANS statute to be the equivalent of a conviction under Mississippi's Unnatural Intercourse statute and thus an offense "which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere." Miss. Code Ann. § 45-33-23(h)(xxi).

85.    DIANA DOE has suffered harm, including denial of employment and opportunities to participate in family, cultural, and religious activities in her community, as well as embarrassment, shame, fear, and humiliation, as a result of the continued application of Miss. Code Ann. § 97-29-59 and the registration requirements imposed by Miss. Code. Ann. § 45-33-23(h)(xxi) insofar as it requires registration for out-of-state crimes that would be punishable as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

**D.    ELIZABETH DOE**

86.    ELIZABETH DOE currently resides in Mississippi.

87.    ELIZABETH DOE has a conviction under Louisiana's Crime Against Nature by Solicitation ("CANS") statute dating from 1998. Pursuant to this conviction, ELIZABETH DOE was made to register as a sex offender pursuant to La. Rev. Stat. Ann. § 15:542 *et seq*. ELIZ-

23

ABETH DOE has no other convictions that would trigger registration requirements in Mississippi.

88.     After ELIZABETH DOE moved to Mississippi in or about 2003, she registered as a sex offender in Mississippi as a result of her CANS conviction in Louisiana.

89.     ELIZABETH DOE was a member of the plaintiff class of individuals with CANS convictions in *Doe v. Caldwell*, (see ¶ 65, *supra*). After the federal court in the Eastern District of Louisiana ordered defendants to remove the named plaintiffs and class members from the sex offender registry, the parties settled their claims, and Louisiana agreed to remove from the sex offender registry nearly 900 individuals who had been required to register solely because of a CANS conviction. As a class member, ELIZABETH DOE was removed from the sex offender registry in Louisiana in 2013.

90.     As with BRENDA DOE, CAROL DOE, and DIANA DOE, ELIZABETH DOE continues to be required to register in Mississippi as a result of her CANS conviction despite the fact that CANS is no longer a registrable offense in Louisiana and therefore cannot qualify as a registrable offense under Miss. Code. Ann. § 45-33-23(h)(xxii). Thus, the only possible reason for Mississippi to continue requiring that she register is that Mississippi deems a conviction under Louisiana's CANS statute to be the equivalent of a conviction under Mississippi's Unnatural Intercourse statute and thus an offense "which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere." Miss. Code Ann. § 45-33-23(h)(xxi).

91.     ELIZABETH DOE has suffered harm, including denial of opportunities to participate in family, recreational, and cultural activities in her community, as well as embarrassment, shame, fear, and humiliation, as a result of the continued application of Miss. Code Ann. § 97-29-59 and the registration requirements imposed by Miss. Code. Ann. § 45-33-23(h)(xxi) insofar as it requires registration for out-of-state crimes that would be punishable

24

as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

## FIRST CAUSE OF ACTION
### (Fourteenth Amendment: Due Process)

92.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

93.     Plaintiffs bring this claim against all Defendants in their official capacities.

94.     Defendants' maintenance, administration, and enforcement of the registry law with respect to Plaintiffs and other individuals convicted of Unnatural Intercourse in Mississippi or other crimes considered analogous in other states violates Plaintiffs' rights to due process under the Fourteenth Amendment of the United States Constitution and the clear mandate of *Lawrence v. Texas*.

95.     All Defendants' actions are under color of law and enabled by their authority as state officers.

96.     Plaintiffs have no adequate remedy at law or other effective means of enforcing their Fourteenth Amendment right to due process other than by seeking declaratory and injunctive relief from the Court.

97.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Miss. Code Ann. § 97-29-59 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

98.     Plaintiffs are entitled to injunctive relief in the form of this Court enjoining the Defendant from enforcing Miss. Code Ann. § 97-29-59 in any situation involving conduct between human beings.

99.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Miss. Code Ann. § 97-29-59 is unconstitutional and unenforceable as applied to Plaintiffs' convictions, whether directly pursuant to Miss. Code Ann. § 97-29-59 or as to out-of-state crimes that are treated as violations of Miss. Code Ann. § 97-29-59 if committed in Missis-

sippi.

100.     Plaintiffs are entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Miss. Code Ann. § 97-29-59 as applied to Plaintiffs' convictions, whether directly pursuant to Miss. Code Ann. § 97-29-59 or as to out-of-state crimes that are treated as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

101.     As a result of Defendants' unlawful conduct, all Plaintiffs are suffering harm, including embarrassment, humiliation, shame, fear, and stigma.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment: Equal Protection)

102.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

103.     Plaintiffs bring this claim against all Defendants in their official capacities.

104.     Where materially indistinguishable offenses in Mississippi do not require sex offender registration, Defendants' maintenance, administration, and enforcement of the registry law with respect to Plaintiffs and other individuals convicted of Unnatural Intercourse in Mississippi or other crimes considered equivalent in other states has no rational relationship to a legitimate governmental interest, in violation of Plaintiffs' rights to equal protection of the law under the Fourteenth Amendment of the United States Constitution.

105.     All Defendants' actions are under color of law and enabled by their authority as state officers.

106.     Plaintiffs have no adequate remedy at law or other effective means of enforcing their Fourteenth Amendment right to equal protection other than by seeking declaratory and injunctive relief from the Court.

107.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Miss. Code Ann. § 97-29-59 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

108.   Plaintiffs are entitled to injunctive relief in the form of this Court enjoining the Defendant from enforcing Miss. Code Ann. § 97-29-59 in any situation involving conduct between human beings.

109.   Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Miss. Code Ann. § 97-29-59 is unconstitutional and unenforceable as applied to Plaintiffs' convictions, whether directly pursuant to Miss. Code Ann. § 97-29-59 or as to out-of-state crimes that are treated as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

110.   Plaintiffs are entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Miss. Code Ann. § 97-29-59 as applied to Plaintiffs' convictions, whether directly pursuant to Miss. Code Ann. § 97-29-59 or as to out-of-state crimes that treated as violations of Miss. Code Ann. § 97-29-59 if committed in Mississippi.

111.   As a result of Defendants' unlawful conduct, all Plaintiffs are suffering harm, including embarrassment, humiliation, shame, fear, and stigma.

## PRAYER FOR RELIEF

Plaintiffs respectfully request an order and judgment:

a) Certifying this case as a class action under Fed. R. Civ. P. 23 for injunctive and declaratory relief;

b) Declaring that Miss. Code Ann. § 97-29-59 is unconstitutional on its face as it relates to activity between human beings;

c) Declaring that Miss. Code Ann. § 45-33-23(h)(xi) is unconstitutional insofar as it requires individuals convicted of Unnatural Intercourse involving activity between human beings to register as sex offenders;

d) Declaring that Miss. Code Ann. § 45-33-23(h)(xxi) is unconstitutional insofar as it requires individuals convicted of an offense resulting in a conviction in another jurisdic-

27

tion which, if committed in Mississippi, would be deemed to be Unnatural Intercourse in any situation involving activity between human beings to register as sex offenders;

e)  Declaring that Defendants' actions violate the named Plaintiffs' and the class members' rights under the Fourteenth Amendment to the United States Constitution;

f)  Permanently enjoining Defendants from enforcing Miss. Code Ann. § 97-29-59 in any situation involving activity between human beings;

g)  Permanently enjoining Defendants from enforcing Miss. Code Ann. § 45-33-23(h)(xi) in any situation involving activity between human beings;

h)  Permanently enjoining Defendants from enforcing Miss. Code Ann. § 45-33-23(h)(xxi) in any situation in which a conviction in another jurisdiction which, if committed in Mississippi, would be deemed to be Unnatural Intercourse in any situation involving activity between human beings;

i)  Permanently enjoining Defendants from enforcing Miss. Code Ann. § 45-33-23(h)(xxi) in any situation in which a conviction in another jurisdiction does not require registration in that jurisdiction or in Mississippi;

j)  Ordering Defendants to permanently remove the named Plaintiffs and all members of the Plaintiff class from the MSOR;

k)  Ordering Defendants to expunge all state records indicating that the named Plaintiffs and all members of the Plaintiff class were ever registered on the MSOR;

l)  Ordering Defendants to alert all agencies who were provided information about the named Plaintiffs' and class members' registration (including courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid;

m) Ordering Defendants to cease and desist from placing any individuals convicted under the Unnatural Intercourse statute in any situation involving activity between human

28

beings, and any individuals convicted of a statute deemed to be an out-of-state equiva-

lent to Unnatural Intercourse in any situation involving activity between human be-

ings, on the MSOR;

n) Ordering Defendants to inform all relevant local, state, and federal agencies that con-

victions for Unnatural Intercourse in any situation involving activity between human

beings or any out-of-state equivalent are no longer registrable offenses in Mississippi;

o) Awarding Plaintiffs attorneys' fees and costs; and

p) Ordering such other relief as this Court deems just and proper.

Date: October 7, 2016                          Respectfully submitted,

MCDUFF & BYRD

By: _____

Robert B. McDuff
Bar No. 2532
Jacob W. Howard
Bar No. 103256
767 North Congress Street
Jackson, Mississippi 39202
Tel:  (601) 969-0802
Fax: (601) 969-0804
rbm@mcdufflaw.com

LAW OFFICE OF MATTHEW STRUGAR

By: /s/ Matthew Strugar
Matthew Strugar
    *pro hac vice application pending*
2108 Cove Avenue
Los Angeles, CA 90039
Tel: (323) 739-2701
matthewstrugar@gmail.com

CENTER FOR CONSTITUTIONAL RIGHTS

By: /s/ Ghita Schwarz
Ghita Schwarz
    *pro hac vice application pending*
Alexis Agathocleous
    *pro hac vice application pending*
666 Broadway, 7th Floor
New York, NY 10012
Tel:  (212) 614-6445
Fax: (212) 614-6499
gschwarz@ccrjustice.org
aagathocleous@ccrjustice.org