**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ARTHUR DOE, et al.**                                                          **PLAINTIFFS**

**VS.**                                                          **CAUSE NO: 3:16-cv-789**

**JIM HOOD, Attorney General**
**of the State Of Mississippi, et al.**                                  **DEFENDANTS**

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Jim Hood, Attorney General of the State of Mississippi; Albert Santa Cruz, Commissioner of the Mississippi Department of Public Safety; Charlie Hill, Director of the Mississippi Sex Offender Registry; Colonel Chris Gillard, Chief of the Mississippi Highway Patrol; and Lieutenant Colonel Larry Waggoner, Director of the Mississippi Bureau of Investigation, all sued in their official capacities only, and file this their answer and affirmative defenses to the Plaintiffs' complaint ("complaint") and state as follows, to-wit:

### NATURE OF ACTION

1.      Paragraph 1 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the court decisions referenced in paragraph 1 of the complaint speak for themselves.  Otherwise, the averments in paragraph 1 are denied as stated.  Defendants deny that the United States Supreme Court has facially invalidated all sodomy statutes, whether in *Lawrence v. Texas* or otherwise.

2.      Paragraph 2 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes and court decisions referenced in paragraph 2 speak for themselves.  Otherwise, the averments in paragraph 2 are denied as stated.  Defendants admit that they constitutionally enforce Miss. Code Ann. § 97-29-

59 and the Mississippi Sex Offenders Registration Law, Miss. Code Ann. §§ 45-23-21, *et seq.*

3.      Defendants admit only that the requirements of the Mississippi Sex Offenders Registration Law speak for themselves, otherwise denied as stated.

4.      Paragraph 4 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 4 of the complaint speak for themselves.  Otherwise, the averments in paragraph 4 are denied as stated.  Defendants deny that either of the statutes referenced in paragraph 4 are unconstitutional, either facially or as applied to the "Doe" plaintiffs or any members of the putative class.

5.      Paragraph 5 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 5 of the complaint speak for themselves.  Otherwise, the averments in paragraph 5 are denied as stated.  Defendants deny that any of the statutes referenced in paragraph 5 are unconstitutional, either facially or as applied to the "Doe" plaintiffs or any members of the putative class.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute and constitutional provision referenced in paragraph 6 of the complaint speak for themselves.

7.      Paragraph 7 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 7 of the complaint speak for themselves.

8.      Defendants admit only that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Otherwise the averments in paragraph 8 are denied.

2

## PARTIES

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 9 and therefore deny same.[1]

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 10 and therefore deny same.  Defendants deny that class certification is appropriate.

11.     Paragraph 11 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Jim Hood is the Attorney General of the State of Mississippi and that the statute referenced in paragraph 11 speaks for itself.  Otherwise the averments in paragraph 11 are denied as stated.

12.     Paragraph 12 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Albert Santa Cruz is the Commissioner of the Mississippi Department of Public Safety, and that the statutes referenced in paragraph 12 speak for themselves.  Otherwise the averments in paragraph 12 are denied as stated.

13.     Paragraph 13 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Charlie Hill is the Director of the Department of Public Safety Sex Offender Registry, and that the statute referenced in paragraph 13 speaks for itself.  Otherwise the averments in paragraph 13 are denied as stated.

14.     Paragraph 14 of the complaint states legal conclusions that do not require a

---

[1]Plaintiffs have refused to identify themselves, therefore Defendants have been denied any opportunity or means to determine whether any of the averments concerning Plaintiffs are accurate or truthful.

response from Defendants, and Defendants admit only that Defendant Colonel Chris Gillard is

the Director of the Mississippi Highway Patrol/Assistant Commissioner of Public Safety, and

that the statute referenced in paragraph 14 speaks for itself.  Otherwise the averments in

paragraph 14 are denied as stated.

15.     Paragraph 15 of the complaint states legal conclusions that do not require a

response from Defendants, and Defendants admit only that Defendant Lieutenant Colonel Larry

Waggoner is the Director of the Mississippi Bureau of Investigation, and that the statutes

referenced in paragraph 15 speaks for themselves.  Otherwise the averments in paragraph 15 are

denied as stated.

<strong><u>STATEMENT OF FACTS</u></strong>

**I.      Statutory Overview**

16.     Paragraph 16 and footnote 1 of the complaint state legal conclusions that do not

require a response from Defendants, and Defendants admit only that the court decisions and

statutes referenced in paragraph 16 and footnote 1 of the complaint speak for themselves.

Otherwise, the averments in paragraph 16 and footnote 1 are denied as stated.

17.     Paragraph 17 of the complaint states legal conclusions that do not require a

response from Defendants, and Defendants admit only that the court decisions and statutes

referenced in paragraph 17 of the complaint speak for themselves.  Otherwise, the averments in

paragraph 17 are denied as stated.

18.     Paragraph 18 of the complaint states legal conclusions that do not require a

response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph

16 of the complaint speak for themselves.  Otherwise, the averments in paragraph 18 are denied

as stated.

19.     Paragraph 19 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute referenced in paragraph 19 of the complaint speaks for itself.  Otherwise, the averments in paragraph 19 are denied as stated.

20.     Paragraph 20 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 20 of the complaint speak for themselves.  Otherwise, the averments in paragraph 20 are denied as stated.

21.     Paragraph 21 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 21 of the complaint speak for themselves.  Otherwise, the averments in paragraph 21 are denied as stated.

22.     Paragraph 22 and footnote 2 of the complaint state legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 22 and footnote 2 of the complaint speak for themselves.  Otherwise, the averments in paragraph 22 and footnote 2 are denied as stated.

23.     Denied.

24.     Paragraph 24 and footnote 3 of the complaint state legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 24 and footnote 3 of the complaint speak for themselves.  Otherwise, the averments in paragraph 24 and footnote 3 are denied as stated.

25.     Paragraph 25 of the complaint states legal conclusions that do not require a

5

response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 25 speak for themselves.  Otherwise, the averments in paragraph 25 are denied as stated.

26.     Paragraph 26 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 26 speak for themselves.  Otherwise, the averments in paragraph 26 are denied as stated.

27.     Paragraph 27 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 27 speak for themselves.  Otherwise, the averments in paragraph 27 are denied as stated.

28.     Paragraph 28 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute referenced in paragraph 28 speaks for itself.  Otherwise, the averments in paragraph 28 are denied as stated.

29.     Paragraph 29 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 29 speak for themselves.  Otherwise, the averments in paragraph 29 are denied as stated.

30.     Paragraph 30 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 30 speak for themselves.  Otherwise, the averments in paragraph 30 are denied as stated.

31.     Paragraph 31 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 31 speak for themselves.  Otherwise, the averments in paragraph 31 are denied as stated.

32.     Paragraph 32 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph

32 speak for themselves.  Otherwise, the averments in paragraph 32 are denied as stated.

33.     Paragraph 33 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 33 speak for themselves.  Otherwise, the averments in paragraph 33 are denied as stated.

34.     Paragraph 34 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 34 speak for themselves.  Otherwise, the averments in paragraph 34 are denied as stated.

35.     Paragraph 35 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 35 speak for themselves.  Otherwise, the averments in paragraph 35 are denied as stated.

36.     Paragraph 36 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 36 speak for themselves.  Otherwise, the averments in paragraph 36 are denied as stated.

37.     Paragraph 37 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 37 speak for themselves.  Otherwise, the averments in paragraph 37 are denied as stated.

38.     Paragraph 38 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 38 speak for themselves.  Otherwise, the averments in paragraph 38 are denied as stated.

39.     Paragraph 39 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 39 speak for themselves.  Otherwise, the averments in paragraph 39 are denied as stated.

40.     Paragraph 40 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 40 speak for themselves.  Otherwise, the averments in paragraph 40 are denied as stated.

41.     Paragraph 41 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 41 speak for themselves.  Otherwise, the averments in paragraph 41 are denied as stated.

42.     Paragraph 42 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 42 speak for themselves.  Otherwise, the averments in paragraph 42 are denied as stated.

43.     Paragraph 43 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 43 speak for themselves.  Otherwise, the averments in paragraph 43 are denied as stated.

44.     Denied.

45.     Denied.

**II.     Class Action Allegations**

46.     Paragraph 46 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

47.     Denied.

48.     Paragraph 48 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

49.     Paragraph 49 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 53, and therefore deny same.

III.    **Facts Specific to the Named Plaintiffs[2]**

A.      **Arthur Doe**

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 55, and therefore deny same.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 55, and therefore deny same.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 56, and therefore deny same.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 57, and therefore deny same.

58.     Defendants lack knowledge or information sufficient to form a belief as to the

---

[2] Footnote 4 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.  Defendants deny that permitting Plaintiffs to proceed under pseudonyms is either necessary or appropriate, and deny the remaining averments in footnote 4

truth or accuracy of the averments in paragraph 58, and therefore deny same.

**B.    Brenda Doe**

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 59, and therefore deny same.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 60, and therefore deny same.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 61, and therefore deny same.

62.    Paragraph 62 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that a lawsuit was filed challenging the registration requirement of the Louisiana "CANS statute," which speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 62, and therefore deny same.

63.    Paragraph 63 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that the court decision referenced in paragraph 63 speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 63, and therefore deny same.

64.    Paragraph 64 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that the law and statute referenced in paragraph 64 speak for themselves, and otherwise lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 64, and therefore deny

same.

65.     Paragraph 65 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that a lawsuit was filed challenging the registration requirement of the Louisiana "CANS statute," and that the court decision referenced in paragraph 65 speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 65, and therefore deny same.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 66, and therefore deny same.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 67, and therefore deny same.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 68, and therefore deny same.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 69, and therefore deny same.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 70, and therefore deny same.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 71, and therefore deny same.

**C.     Carol Doe**

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 72, and therefore deny same.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 73, and therefore deny same.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 74, and therefore deny same.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 75, and therefore deny same.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 76, and therefore deny same.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 7, and therefore deny same.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 78, and therefore deny same.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 79, and therefore deny same.

**D.     Diana Doe**

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 80, and therefore deny same.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 81, and therefore deny same.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 82, and therefore deny same.

83.     Defendants lack knowledge or information sufficient to form a belief as to the

truth or accuracy of the averments in paragraph 83, and therefore deny same.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 84, and therefore deny same.

85.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 85, and therefore deny same.

**D.[3]    Elizabeth Doe**

86.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 86, and therefore deny same.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 87, and therefore deny same.

88.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 88, and therefore deny same.

89.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 89, and therefore deny same.

90.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 90, and therefore deny same.

91.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 91, and therefore deny same.

**FIRST CAUSE OF ACTION**
**(Fourteenth Amendment: Due Process)**

92.    Defendants incorporate by reference their responses to the proceeding paragraphs

---

[3]The complaint served on Defendants contains two subsections denominated as "D."

as if set forth in full verbatim herein.

93.     Defendants admit that Plaintiffs have asserted only official capacity claims against

Defendants.

94.     Denied.

95.     Denied as stated.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment: Equal Protection)**

102.    Defendants incorporate by reference their responses to the proceeding paragraphs

as if set forth in full verbatim herein.

103.    Defendants admit that Plaintiffs have asserted only official capacity claims against

Defendants.

104.    Denied.

105.    Denied as stated.

106.    Denied.

107.    Denied.

108.    Denied.

14

109.    Denied.

110.    Denied.

111.    Denied.

## PRAYER FOR RELIEF

As to the last, unnumbered paragraph under the heading "Prayer for Relief," Defendants deny that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the specific relief requested in sub-paragraphs (a) through (p) inclusive.

### FIRST DEFENSE

The complaint should be dismissed for lack of justiciability, including, but not limited to, for lack of standing, mootness, and/or ripeness.

### SECOND DEFENSE

The complaint should be dismissed for failure to join a required party pursuant to Fed. R. Civ. P. 12(b)(7) and 19.

### THIRD DEFENSE

The complaint should be dismissed for failure to exhaust administrative remedies.

### FOURTH DEFENSE

The court should abstain from adjudicating the dispute presented by the complaint.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of laches, waiver, res judicata and/or estoppel.

**SEVENTH DEFENSE**

Defendants affirmatively asserts all defenses which they are entitled to, or may become entitled to, pursuant to Fed. R. Civ. P. 23.

**EIGHTH DEFENSE**

Defendants affirmatively assert all defenses which they are entitled to, or may become entitled to, pursuant to 20 U.S.C. § 1401 *et seq.*, and any other applicable federal or state statutes or regulations.

**NINTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the Eleventh Amendment, or otherwise barred by immunity, including, but not limited to sovereign, judicial, absolute, and/or qualified immunity.

**TENTH DEFENSE**

Defendants affirmatively assert all defenses which they are entitled to, or may become entitled to, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**TWELFTH DEFENSE**

The Plaintiffs' complaint fails to state a claim against the State Defendants upon which relief may be granted.

**THIRTEENTH  DEFENSE**

The court lacks jurisdiction over the parties and some or all of the asserted claims in this

16

cause.

## FOURTEENTH DEFENSE

Some or all of the Plaintiffs fail to state a claim because they have an adequate remedy at law.

AND NOW, having responded to the averments in the complaint, paragraph by paragraph, and having set forth their affirmative defenses, Defendants Jim Hood, Attorney General of the State of Mississippi; Albert Santa Cruz, Commissioner of the Mississippi Department of Public Safety; Charlie Hill, Director of the Mississippi Sex Offender Registry; Colonel Chris Gillard, Chief of the Mississippi Highway Patrol; and Lieutenant Colonel Larry Waggoner, Director of the Mississippi Bureau of Investigation, respectfully request that their answer and defenses be received, and move the Court to enter an order dismissing Plaintiffs' complaint with prejudice, and at Plaintiffs' sole cost.

Respectfully submitted this the 2nd day of November, 2016.

JIM HOOD, Attorney General of the State of Mississippi; ALBERT SANTA CRUZ, Commissioner of the Mississippi Department of Public Safety; CHARLIE HILL, Director of the Mississippi Sex Offender Registry; COLONEL CHRIS GILLARD, Chief of the Mississippi Highway Patrol; and LIEUTENANT COLONEL LARRY WAGGONER, Director of the Mississippi Bureau of Investigation

By:     *s/Paul Barnes*
        PAUL E. BARNES, MSB No. 99107
        WILSON MINOR, MSB No. 102663
        Special Assistant Attorneys General
        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        Post Office Box 220

17

Jackson, MS   39205
Telephone No. (601)359-4072
Facsimile: (601)359-2003
pbarn@ago.state.ms.us
wmino@ago.state.ms.us

## CERTIFICATE OF SERVICE

This is to certify that on this day I, Paul E. Barnes, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notice of such filing to the following:

Robert B. McDuff
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
rbm@McDuffLaw.com

Jacob W. Howard
MCDUFF & BYRD
767 N. Congress
Jackson, MS 39202
jake@McDufflaw.com

Alexis Agathocleous - PHV
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
aagathocleous@ccrjustice.org

Ghita Schwarz - PHV
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
gschwarz@ccrjustice.org

ATTORNEYS FOR PLAINTIFFS

THIS, the 2nd day of NOVEMBER, 2016.

*s/Paul Barnes*
PAUL E. BARNES

19