# IN UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ARTHUR DOE, et al.**                                                                                       **PLAINTIFFS**

**VS.**                                                                                    **CAUSE NO: 3:16-cv-789**

**JIM HOOD, Attorney General**
**of the State Of Mississippi, et al.**                                                      **DEFENDANTS**

## DECLARATION OF PAUL E. BARNES IN SUPPORT OF DEFENDANTS' RULE 56(d) MOTION FOR DISCOVERY AND ENTRY OF A SCHEDULING ORDER

I, **PAUL E. BARNES**, declare as true the following:

1. I am a Special Assistant Attorney General for the State of Mississippi and lead counsel for all Defendants in this action.

2. I am over twenty-one years of age, and have personal knowledge of the matters described herein.

3. Plaintiffs brought this action on behalf of themselves and a putative class, challenging the constitutionality of Mississippi's unnatural intercourse statute, Miss. Code Ann. § 97-29-59, as well as the constitutionality of Plaintiffs' inclusion on the Mississippi Sex Offenders Registry ("MSOR") pursuant to the Mississippi Sex Offenders Registration Law, Miss. Code Ann. §§ 45-23-21, *et seq*.

4. Plaintiffs served and filed their Complaint on October 7, 2016. Defendants timely filed their Answer on November 2, 2016. The next day, on November 3, 2016, Plaintiffs filed, *inter alia*, a Motion for Summary Judgment [Doc. 15] and a Motion for Class Certification [Doc. 20]. Pursuant to L. Unif. Civ. R. 7(b)(4), Defendants' responses to these pending motions are currently due to be filed by Monday, November 21, 2016.

5. Defendants reasonably need time and the opportunity to conduct discovery regarding the named Plaintiffs as well as the putative class members, to determine whether any, and how many, of these Plaintiffs are actually on the registry solely for conduct recognized as constitutionally protected by *Lawrence v. Texas*. Defendants also reasonably need time and the opportunity to conduct discovery to ensure that sexual predators who have committed sex offenses involving children, forcible sodomy, or other non-consensual sexual activity are not inadvertently removed from the Registry.

6. The scope of discovery requested by Defendants is based on the broad scope of Plaintiffs' pending motions and the sweeping relief sought therein. Defendants have not had any opportunity whatsoever to conduct discovery in connection with the motions for summary judgment and class certification, concerning the "named" Plaintiffs or the putative class. Therefore, at this time, and under these circumstances, Defendants are necessarily unable to present facts essential to justify their opposition to Plaintiffs' Motion for Summary Judgment, and need a reasonable opportunity for discovery related thereto pursuant to Fed. R. Civ. P. 56(d).

7. Plaintiffs assert in their Memorandum in Support that:

> There can be no dispute that Plaintiffs are registered as sex offenders solely pursuant to Mississippi's Unnatural Intercourse Statute. All Plaintiffs were convicted of Unnatural Intercourse or CANS, a Louisiana state statute that Mississippi deems equivalent to Unnatural Intercourse. See. Ex. A (Agathocleous Decl.) ¶¶ 3-7. No Plaintiff has any other registrable offense.

Pl. Memo. in Support at 14 [Doc. 16].

8. With respect, Defendants do have reason to dispute that Plaintiffs are on the MSOR "solely" because of an unnatural intercourse statute, and to further dispute that "[n]o Plaintiff has any other registrable offense." First and foremost of these reasons is that Plaintiffs have not provided any information from which Defendants can confirm the identity of the named Plaintiffs

or the nature of their registrable offense(s).

9. Further, Plaintiffs have supported their motion for summary judgment with documentation they assert prove there are no genuine issues of material fact. Those materials include a redacted Declaration of one of Plaintiffs' attorneys, to which are attached copies of documents that purportedly relate to the named Plaintiffs, but which have been heavily redacted to remove any identifying information. *See* Declaration of Alexis Agathocleous in Support of Plaintiffs' Motion for Summary Judgment [Doc. 17]; with Attachments [Doc. 17-1 through 17-5].

10. Plaintiffs have not offered any declarations of the named Plaintiffs or other witnesses, but only the Declaration of counsel. Plaintiffs have not offered certified or authenticated copies of any of the documentation attached to counsel's Declaration.

11. The affidavit and heavily redacted documents offered by Plaintiffs show only that certain individuals, purported to be the named Plaintiffs, have been convicted of at least one "crime against nature," or an offense deemed an out-of-state equivalent. The declaration and attachments do not prove that those are the only registrable offenses committed by the named Plaintiffs. Even if that is determined to be true of the named Plaintiffs, the Declaration and attachments do not prove that the same is true for the members of the putative class.

12. To counter the allegations of material fact made by Plaintiffs in support of their dispositive motion, Defendants must submit affidavits and/or other potentially admissible evidence to establish that genuine issues of material fact do exist. Fed. R. Civ. P. 56(c).

13. Without discovery, Defendants cannot determine the truth of the allegations contained in counsel's Declaration or the attachments thereto.

14. Without discovery, Defendants cannot determine the facts of the underlying criminal

offenses for which each named Plaintiff is on the MSOR.

15. Without discovery, Defendants cannot determine whether the named Plaintiffs are included on the MSOR "solely" because of the unnatural intercourse convictions referenced in the Declaration and attachments.

16. Without discovery, Defendants cannot determine the facts of the underlying criminal offenses for which each putative class member is on the MSOR.

17. Without discovery, Defendants cannot determine that the putative class members are included on the MSOR "solely" because of unnatural intercourse convictions.

18. Further, Plaintiffs allege that all persons convicted of crimes "which, if committed in Mississippi, would be deemed to be Unnatural Intercourse *in any situation involving activity between human beings*" are members of the putative class and entitled to be removed from the registry. *See, e.g.*, Compl. at 27-28 (emphasis added) [Doc. 1].

19. "[A]ctivity between human beings," *see id.*, would necessarily encompass sex acts with children as well as forcible, coercive, and other non-consensual sex acts.

20. Without discovery, Defendants cannot determine whether any person is on the MSOR for conduct recognized as constitutionally protected by *Lawrence v. Texas*, *i.e.*, private consensual sexual activity between adults.

21. Without discovery, Defendants cannot determine whether any, or how many, of the named Plaintiffs and/or putative class members are on the MSOR because of convictions that involve sex acts with children, or other forcible, coercive, or non-consensual sex acts.

22. Further, in order to fully and adequately respond to Plaintiffs' Motion for Class Certification, Defendants reasonably need discovery related to Fed. R. Civ. P. 23's requirements for maintenance of a class action; including, but not limited to, the prerequisites of numerosity,

commonality, typicality, and fair and adequate protection of the interests of the putative class.

23. Defendants also reserve the right to challenge the standing of the "named" Plaintiffs, as it is unclear whether each actually has standing to assert all of the claims stated in the Complaint, either on their own behalf or on behalf of the putative class members. Defendants reasonably need discovery to investigate Plaintiffs' allegations of standing.

24. The factual issues related to class certification and standing have substantial overlap with the factual issues raised by Plaintiffs' Motion for Summary Judgment.

25. In accordance with 28 U.S. § 1746, I, the undersigned, PAUL E. BARNES, declare under penalty of perjury that the foregoing is true and correct.

Executed this, the 21st day of November, 2016.

*s/Paul E. Barnes*
PAUL E. BARNES, MSB No. 99107
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
Telephone No. (601)359-4072
Facsimile: (601)359-2003
pbarn@ago.state.ms.us