IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR DOE; BRENDA DOE; CAROL DOE; DIANA DOE; and ELIZABETH DOE | PLAINTIFFS |
| V. | CAUSE NO. 3:16-CV-00789-CWR-FKB |
| JIM HOOD; MARSHALL FISHER; CHARLIE HILL; COLONEL CHRIS GILLARD; and LT. COLONEL LARRY WAGGONER | DEFENDANTS |

## ORDER

Three motions are presently before the Court. First is plaintiffs' motion for summary judgment. Second, plaintiffs ask the Court to certify a class. Third, defendants seek an opportunity to take discovery. Finding defendants' motion dispositive, the Court does not reach the merits of those submitted by plaintiffs.

A month after filing their complaint, plaintiffs filed a motion for summary judgment. They argue that their case presents two purely legal questions: (1) whether Mississippi's "Unnatural Intercourse" statute violates plaintiffs' rights to due process, per *Lawrence v. Texas*, 539 U.S. 558 (2003); and (2) whether Mississippi's treatment of out-of-state offenses as equivalent to an "Unnatural Intercourse" conviction violates plaintiffs' rights to equal protection. Plaintiffs simultaneously moved to certify a class. Defendants replied with the limited information available to them, and requested an opportunity to take discovery.

A party is entitled to discovery prior to a ruling on a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "Rule 56(d) discovery motions are 'broadly favored and should be liberally granted.'" *Biel Loan Co. III-A, LLC v. Lee Freyer*

*Kennedy Crestview, LLC*, No. 1:10-CV-153-HSO-JMR, 2011 WL 1321328, at *1-2 (S.D. Miss. Apr. 4, 2011) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). "[T]he rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation marks and citation omitted).

Defendants ask for discovery to determine which plaintiffs or other putative class members are on Mississippi's Sex Offender Registry "solely for conduct recognized as constitutionally protected by *Lawrence v. Texas*." They have invoked the rule and filed the required affidavit.

The Court agrees that defendants should be afforded an opportunity to confirm the nature of each individual's "registerable offense(s)."[1] Discovery is necessary for responding to plaintiffs' motion for summary judgment as well as the process of class certification. *See, e.g.*, *McDougle v. Neshoba Cnty. Miss.,* No. 3:15-CV-350-CWR-FKB, 2016 WL 83785 (S.D. Miss. Jan. 7, 2016). Discovery will be conducted, however, in accordance with the Court's Order issued this date, to preserve plaintiffs' anonymity.

Defendants' motion for discovery and the entry of a scheduling order is granted. Plaintiffs' motions for summary judgment and class certification are dismissed without prejudice to their refiling.

**SO ORDERED**, this the 2nd day of June, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] To confirm, for example, that (1) the only conviction that would require plaintiffs and putative class members to comply with Mississippi's Sex Offender Registry was Unnatural Intercourse or its out of state equivalent; and (2) that the facts supporting the conviction involved only consenting adults.