UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR DOE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JIM HOOD, Attorney General of the State of Mississippi, *et al*, <br><br> Defendants. | Case No. 3:16-cv-00789-CWR-FKB <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

## PROTECTIVE ORDER

WHEREAS, plaintiffs filed the above-captioned action anonymously;

WHEREAS, on June 2, 2017, the Court granted plaintiffs' motion to proceed under pseudonyms and ordered that "[n]one of plaintiffs' personally identifying information shall be made public on the Court's docket."(Dkt. No. 43 at 6);

WHEREAS, the Court determined in the June 2, 2017 order that good cause exists for the entry of a protective order;

WHEREAS, Defendants preserve any and all rights they may have to ultimately seek appellate review of the Court's June 2, 2017 order (Dkt. No. 43), but agree to this protective order to permit this matter to proceed;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for plaintiffs and defendants, as follows:

**Confidential Information**

1. Plaintiffs shall continue to proceed anonymously in the above-captioned action, as permitted by the Court.

2. Plaintiffs' names, identities, or any other identifying information, including but not limited to plaintiffs' age, current and past place(s) of residence and/or employment, which would or could reveal their status as plaintiffs, shall be considered "Confidential Information." However, Confidential Information shall not mean or include records, documents, materials, or other information obtained or maintained by the Mississippi Sex Offender Registry in the ordinary course of its duties, and used for the purpose of continuing the regular and routine operation and maintenance of the Registry in accordance with state and federal law, unless any such non-public information is produced by defendants in this action.

3. Pursuant to the Court's June 2, 2017 Order, Plaintiffs shall conventionally file, under restricted access, full and complete copies of the Declaration of Alexis Agathocleous and the attached MSOR reports, currently on file with the Court in redacted form as ECF Nos. 17 and 17-1-5. The records filed under restricted access shall be accessible only to attorneys of record. When seeking to file other Confidential Information with the Court, the parties shall follow the procedures set forth in Local Rule 79.

**Limitations on Disclosure**

4. The Confidential Information described in paragraph 2, *supra*, shall be used solely for the purpose of this litigation and under the conditions set forth in paragraphs 4-7, *infra*.

5. The Confidential Information described in paragraph 1, *supra*, may be disclosed to the following persons only and subject to the requirements set forth in paragraphs 6-7, *infra*:

    a. Counsel;

    b. Sergeant Charlie L. Hill, Defendant, Director of MSOR;

    c. Jay Eads, General Counsel, Mississippi Department of Public Safety;

    d. Jim Younger, General Counsel, Mississippi Department of Public Safety;

  e. Lewis Napper, Information Technology personnel, MSOR;

  f. Tamica Butler, Criminal Record Technician, MSOR;

  g. legal assistants, paralegals, secretarial and clerical employees directly assisting Counsel with this action;

  h. the Court, and its personnel;

  i. Court reporters and/or videographers and their staffs to whom disclosure is reasonably necessary for this litigation.

6. Except for the persons authorized to access Confidential Information in paragraph 4, *supra*, under no circumstances shall the parties or their Counsel disclose plaintiffs' identities or any other Confidential Information to other attorneys, defendants, defendants' employees, members of the media, or the public. All parties will continue to refer to plaintiffs using pseudonyms in all public filings.

7. The persons named in subparts b through g of paragraph 4, *supra*, shall sign a non-disclosure agreement (1) prohibiting the disclosure of plaintiffs' identities or any other Confidential Information to anyone not listed in paragraph 4, *supra*, and (2) expressly limiting the use of plaintiffs' identities and any other Confidential Information to assisting Defendants and their counsel in the defense of this action.

8. Defense counsel may use plaintiffs' names to request information concerning their criminal convictions and sex offender registration records from custodians of public records provided that the reason for the request is not disclosed, and that under no circumstances will plaintiffs' status as parties to this action be disclosed.

9. Plaintiffs' identities and any other Confidential Information must be stored and maintained by Counsel at a location and in a secure manner that ensures that access is limited to

the persons authorized under this Order.

10. Plaintiffs' identities and any other Confidential Information shall not be used for any purpose other than for the prosecution and defense of the instant litigation.

11. Nothing in this Order or disclosure of plaintiffs' identities or any other Confidential Information to Counsel and other authorized persons shall be deemed to have the effect of an admission or waiver by either party or shall be deemed to impact in any way on a party's right to propound or object to any discovery requests in accordance with the Federal Rules of Civil Procedure.

12. A party may object to any Confidential designation made in accordance with this order by giving written notice to the designating party identifying the disputed information. If the parties cannot resolve the dispute, the objecting party may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Said motion may attach the disputed information as an exhibit to the motion, so long as the exhibit is filed under seal in accordance with the local rules and marked with the words "Confidential Information." Information designated as "Confidential Information" shall be treated as protected by this Order unless and until the Court rules that the information should not be treated as Confidential Information.

**Termination of Action**

13. Unless a court orders otherwise, the parties and their counsel shall maintain the confidentiality of all Confidential information after final disposition of this litigation, by adjudication (including appeals) or otherwise. Within thirty (30) days after the final disposition of this litigation, Counsel shall either (a) return to the producing party or producing non-party all Confidential information, all copies of such information, and any documents incorporating such

information, or (b) securely destroy all such materials and certify in writing to opposing counsel that all such materials have been destroyed. Provided, however, that nothing in this Protective Order shall be interpreted or construed to require any officer or agency of the State of Mississippi to destroy any official records obtained in the ordinary course of such officer's or agency's duties, or which must be maintained in compliance with state law, federal law, or the regulations of such agency.

**Inadvertent Disclosure**

14. If information concerning plaintiffs' identities or any other Confidential Information is disclosed in violation of this Order, by inadvertence or otherwise, Counsel for the responsible party must immediately (a) notify opposing counsel in writing of the unauthorized disclosure, (b) use their best efforts to retrieve all copies of the information disclosed, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order and (d) request such person or persons to execute Exhibit A, and (e) must cooperate in supplying the facts relating to such disclosure and in making all reasonable efforts to mitigate the impacts of such disclosure and prevent further disclosure.

**Third-Party Requests for Information**

15. If Counsel are served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of plaintiffs' identities or any other Confidential Information, Counsel shall promptly notify opposing counsel in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable. Counsel also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Counsel

must deliver a copy of this Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

**Duration of Agreement**

16. The obligations imposed by this Order shall remain in effect until further Order of the Court.

| | |
|---|---|
| CENTER FOR CONSTITUTIONAL RIGHTS<br>*Attorneys for Plaintiffs*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6445<br>Fax: (212) 614-6499<br>gschwarz@ccrjustice.org<br><br>By: _____ | MCDUFF & BYRD<br>*Attorneys for Plaintiffs*<br>767 North Congress Street<br>Jackson, Mississippi 39202<br>Tel:(601) 969-0802<br>Fax: (601) 969-0804<br>rbm@mcdufflaw.com<br>jake@mcdufflaw.com<br><br>By: _____ |
| LAW OFFICE OF MATTHEW STRUGAR<br>*Attorneys for Plaintiffs*<br>2108 Cove Avenue<br>Los Angeles, CA 90039<br>Tel: (323) 739-2701<br>matthewstrugar@gmail.com<br><br>By: _____ | STATE OF MISSISSIPPI<br>OFFICE OF THE ATTORNEY GENERAL<br>*Attorneys for Defendants*<br>P.O. Box 220<br>Jackson, Mississippi 39205<br>Tel:(601) 359-4072<br>Fax: (601) 359-2003<br>pbarn@ago.state.ms.us<br>wmino@ago.state.ms.us<br><br>By: /s/ Paul Barnes |

So ordered.

Dated: 9/8/2017

_____
The Honorable F. Keith Ball
United States District Court