## IN UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ARTHUR DOE, et al.**                                    **PLAINTIFFS**

**VS.**                                    **CAUSE NO: 3:16-cv-789**

**JIM HOOD, Attorney General**
**of the State Of Mississippi, et al.**                **DEFENDANTS**

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COME NOW Jim Hood, Attorney General of the State of Mississippi; Marshall Fisher,

the Commissioner of the Mississippi Department of Public Safety; Lieutenant Charlie L. Hill,

Director of the Mississippi Sex Offender Registry; Colonel Chris Gillard, Director of the

Mississippi Highway Patrol; and Lieutenant Colonel Jimmy Jordan, Director of the Mississippi

Bureau of Investigation,[1] all sued in their official capacities only, and file this their answer and

affirmative defenses to the Plaintiffs' amended complaint ("complaint") and state as follows, to-

wit:

### NATURE OF ACTION

1.      Paragraph 1 of the complaint states legal conclusions that do not require a

response from Defendants, and Defendants admit only that the court decisions referenced in

paragraph 1 of the complaint speak for themselves.  Otherwise, the averments in paragraph 1 are

denied as stated.  Defendants deny that the United States Supreme Court has facially invalidated

all sodomy statutes, whether in *Lawrence v. Texas* or otherwise.

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), Marshall Fisher was automatically substituted as a
Defendant when he succeeded Albert Santa Cruz as the Commissioner of the Mississippi Department of
Public Safety. Likewise, Lieutenant Colonel Jimmy Jordan was automatically substituted as a Defendant
when he succeeded Larry Waggoner as the Director of the Mississippi Bureau of Investigation.

2.      Paragraph 2 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes and court decisions referenced in paragraph 2 speak for themselves and that they constitutionally enforce Miss. Code Ann. § 97-29-59 and the Mississippi Sex Offenders Registration Law, Miss. Code Ann. §§ 45-23-21, *et seq.*  Otherwise, the averments in paragraph 2 are denied as stated.

3.      Defendants admit only that the requirements of the Mississippi Sex Offenders Registration Law speak for themselves.  Otherwise, the averments in paragraph 3 are denied as stated.

4.       Paragraph 4 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 4 of the complaint speak for themselves.  Otherwise, the averments in paragraph 4 are denied as stated.  Defendants deny that either of the statutes referenced in paragraph 4 are unconstitutional, either facially or as applied to the "Doe" plaintiffs or any members of the putative class.

5.       Paragraph 5 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 5 of the complaint speak for themselves.  Otherwise, the averments in paragraph 5 are denied as stated.  Defendants deny that any of the statutes referenced in paragraph 5 are unconstitutional, either facially or as applied to the "Doe" plaintiffs or any members of the putative class.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute and constitutional provision referenced in paragraph 6 of the complaint speak for themselves.

2

7.      Paragraph 7 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 7 of the complaint speak for themselves.

8.      Defendants admit only that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Otherwise, the averments in paragraph 8 are denied.

## PARTIES

9.      Defendants admit only that, upon information and belief, Plaintiffs reside within Mississippi; that Plaintiffs have either been convicted under Louisiana's Crime Against Nature by Solicitation ("CANS") statute or Mississippi's Unnatural Intercourse statute, Miss. Code Ann. § 97-29-59; and that, because of their convictions, Plaintiffs are currently required to register with the Mississippi Sex Offender Registry ("MSOR") pursuant to the Mississippi Sex Offenders Registration Law. Otherwise, the averments in Paragraph 9 are denied as stated.

10.     Defendants admit that Plaintiffs have requested that the Court certify a class consisting of persons described in paragraph 10, but deny that class certification is appropriate.

11.     Paragraph 11 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Jim Hood is the Attorney General of the State of Mississippi and that the statute referenced in paragraph 11 speaks for itself.  Otherwise, the averments in paragraph 11 are denied as stated.

12.     Paragraph 12 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 12 speak for themselves. Defendants deny that Albert Santa Cruz is the Commissioner of the Mississippi Department of Public Safety because he has been replaced by Marshall Fisher, who

3

is the current Commissioner of the Mississippi Department of Public Safety and has been automatically substituted as a Defendant by operation of Fed. R. Civ. P. 25(d).  Otherwise, the averments in paragraph 12 are denied as stated.

13.     Paragraph 13 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Charlie Hill is the Director of the Department of Public Safety Sex Offender Registry, and that the statute referenced in paragraph 13 speaks for itself.  Otherwise, the averments in paragraph 13 are denied as stated.

14.     Paragraph 14 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that Defendant Colonel Chris Gillard is the Director of the Mississippi Highway Patrol/Assistant Commissioner of Public Safety, and that the statute referenced in paragraph 14 speaks for itself.  Otherwise, the averments in paragraph 14 are denied as stated.

15.     Paragraph 15 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 15 speak for themselves.  Defendants deny that Lieutenant Colonel Larry Waggoner is the Director of the Mississippi Bureau of Investigation because he has been replaced by Lieutenant Colonel Jimmy Jordan, who is the current Director of the Mississippi Bureau of Investigation and has been automatically substituted as a Defendant by operation of Fed. R. Civ. P. 25(d). Otherwise, the averments in paragraph 15 are denied as stated.

## STATEMENT OF FACTS

**I.      Statutory Overview**

16.     Paragraph 16 and footnote 1 of the complaint state legal conclusions that do not

4

require a response from Defendants, and Defendants admit only that the court decisions and statutes referenced in paragraph 16 and footnote 1 of the complaint speak for themselves. Otherwise, the averments in paragraph 16 and footnote 1 are denied as stated.

17.     Paragraph 17 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the court decisions and statutes referenced in paragraph 17 of the complaint speak for themselves.  Otherwise, the averments in paragraph 17 are denied as stated.

18.     Paragraph 18 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 16 of the complaint speak for themselves.  Otherwise, the averments in paragraph 18 are denied as stated.

19.     Paragraph 19 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute referenced in paragraph 19 of the complaint speaks for itself.  Otherwise, the averments in paragraph 19 are denied as stated.

20.     Paragraph 20 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 20 of the complaint speak for themselves.  Otherwise, the averments in paragraph 20 are denied as stated.

21.     Paragraph 21 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 21 of the complaint speak for themselves.  Otherwise, the averments in paragraph 21 are denied as stated.

22.     Paragraph 22 and footnote 2 of the complaint state legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 22 and footnote 2 of the complaint speak for themselves.  Otherwise, the averments in paragraph 22 and footnote 2 are denied as stated.

23.     Denied.

24.     Paragraph 24 and footnote 3 of the complaint state legal conclusions that do not require a response from Defendants, and Defendants admit only that the statutes referenced in paragraph 24 and footnote 3 of the complaint speak for themselves.  Otherwise, the averments in paragraph 24 and footnote 3 are denied as stated.

25.     Paragraph 25 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 25 speak for themselves.  Otherwise, the averments in paragraph 25 are denied as stated.

26.     Paragraph 26 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 26 speak for themselves.  Otherwise, the averments in paragraph 26 are denied as stated.

27.     Paragraph 27 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 27 speak for themselves.  Otherwise, the averments in paragraph 27 are denied as stated.

28.     Paragraph 28 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute referenced in paragraph 28 speaks for itself.  Otherwise, the averments in paragraph 28 are denied as stated.

29.     Paragraph 29 of the complaint states legal conclusions that do not require a

response from Defendants, and Defendants admit only that the statutes referenced in paragraph 29 speak for themselves.  Otherwise, the averments in paragraph 29 are denied as stated.

30.     Paragraph 30 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 30 speak for themselves.  Otherwise, the averments in paragraph 30 are denied as stated.

31.     Paragraph 31 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 31 speak for themselves.  Otherwise, the averments in paragraph 31 are denied as stated.

32.     Paragraph 32 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 32 speak for themselves.  Otherwise, the averments in paragraph 32 are denied as stated.

33.     Paragraph 33 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 33 speak for themselves.  Otherwise, the averments in paragraph 33 are denied as stated.

34.     Paragraph 34 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 34 speak for themselves.  Otherwise, the averments in paragraph 34 are denied as stated.

35.     Paragraph 35 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 35 speak for themselves.  Otherwise, the averments in paragraph 35 are denied as stated.

36.     Paragraph 36 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph

36 speak for themselves.  Otherwise, the averments in paragraph 36 are denied as stated.

37.     Paragraph 37 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 37 speak for themselves.  Otherwise, the averments in paragraph 37 are denied as stated.

38.     Paragraph 38 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 38 speak for themselves.  Otherwise, the averments in paragraph 38 are denied as stated.

39.     Paragraph 39 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 39 speak for themselves.  Otherwise, the averments in paragraph 39 are denied as stated.

40.     Paragraph 40 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 40 speak for themselves.  Otherwise, the averments in paragraph 40 are denied as stated.

41.     Paragraph 41 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 41 speak for themselves.  Otherwise, the averments in paragraph 41 are denied as stated.

42.     Paragraph 42 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 42 speak for themselves.  Otherwise, the averments in paragraph 42 are denied as stated.

43.     Paragraph 43 of the complaint states legal conclusions that do not require a response from Defendants, and Defendants admit only that the statute(s) referenced in paragraph 43 speak for themselves.  Defendants deny that deceased individuals remain on the registry after

the MSOR receives their death certificate.  Otherwise, the averments in paragraph 43 are denied as stated.

44.    Denied.

45.    Denied.

**II.    Class Action Allegations**

46.    Paragraph 46 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

47.    Denied.

48.    Paragraph 48 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

49.    Paragraph 49 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 53, and therefore deny same.

III.     **Facts Specific to the Named Plaintiffs**[2]

A.     **Arthur Doe**

54.     Admitted, upon information and belief.

55.     Admitted, upon information and belief.

56.     The averments in the first sentence of paragraph 56 are admitted, upon information and belief.  Defendants further admit only that in 2008 the MSOR received notification from the Federal Bureau of Prisons that Plaintiff Arthur Doe had been convicted of a registrable sex offense and was being released to this jurisdiction. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 56, and therefore deny same.

57.     The averments in the first sentence of paragraph 57 are admitted, upon information and belief.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 57, and therefore deny same.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 58, and therefore deny same.

B.     **Brenda Doe**

59.     Defendants admit only that, upon information and belief, Plaintiff Brenda Doe resides within the State of Mississippi.  Otherwise, the averments in paragraph 59 are denied as stated.

---

[2] Footnote 4 of the complaint states legal conclusions or statements of general intent that do not require a response from Defendants.  To the extent a response is deemed required, those averments are denied.  Defendants deny that permitting Plaintiffs to proceed under pseudonyms is either necessary or appropriate, and deny the remaining averments in footnote 4.

60.     Admitted, upon information and belief.

61.     Defendants admit only that, upon information and belief, Plaintiff Brenda Doe registered as a sex offender with the Mississippi Sex Offender Registry in 2007.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 61, and therefore deny same.

62.     Paragraph 62 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that a lawsuit was filed challenging the registration requirement of the Louisiana "CANS statute," which speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 62, and therefore deny same.

63.     Paragraph 63 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that the court decision referenced in paragraph 63 speaks for itself, and that the Louisiana district court held that the inclusion of the CANS plaintiffs on the Louisiana sex offender registry violated the Equal Protection Clause of the Fourteenth Amendment.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 63, and therefore deny same.

64.     Paragraph 64 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that the law and statute referenced in paragraph 64 speak for themselves, and otherwise lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 64, and therefore deny same.

65.     Paragraph 65 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that a lawsuit was filed challenging the registration requirement of the Louisiana "CANS statute"; that Louisiana settled the lawsuit referenced in paragraph 65 by agreeing to remove from its sex offender registry some individuals who had been required to register based solely on convictions under the Louisiana "CANS statute"; and that, upon information and belief, Plaintiff Brenda Doe was subsequently removed from the Louisiana sex offender registry.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 65, and therefore deny same.

66.     Admitted, upon information and belief.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 67, and therefore deny same.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 68, and therefore deny same.

69.     Defendants admit only that MSOR has not removed Plaintiff Brenda Doe from the registry.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 69, and therefore deny same.

70.     Paragraph 70 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that, upon information and belief, Plaintiff Brenda Doe is no longer required to register as a sex offender in Louisiana, but is currently required to register as a sex offender in Mississippi and one other jurisdiction. Otherwise, the remaining averments in paragraph 70 are denied as stated.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 71, and therefore deny same.

**C.     Carol Doe**

72.     Admitted, upon information and belief.

73.     Admitted, upon information and belief.

74.     Defendants admit only that, upon information and belief, Plaintiff Carol Doe registered as a sex offender with the MSOR in 2007 based on her Louisiana "CANS conviction." Otherwise, Defendants ack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 74, and therefore deny same.

75.     Admitted, upon information and belief.

76.     Defendants admit only that, upon information and belief, Plaintiff Carol Doe requested to be removed from the MSOR based on the fact that she was removed from the Louisiana sex offender registry. Otherwise, the remaining averments in paragraph 76 are either denied as stated or Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 76, and therefore deny same.

77.     Defendants admit only that, upon information and belief, Plaintiff Carol Doe's request to be removed from the MSOR was denied.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of remaining the averments in paragraph 77, and therefore deny same.

78.     Paragraph 78 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that, upon information and belief, Plaintiff Carol Doe is no longer required to register as a sex offender in Louisiana, but is currently

required to register as a sex offender in Mississippi. Otherwise, the remaining averments in paragraph 78 are denied as stated.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 79, and therefore deny same.

**D.     Diana Doe**

80.     Admitted, upon information and belief.

81.     Admitted, upon information and belief.

82.     Defendants admit only that, upon information and belief, Plaintiff Diana Doe moved to Mississippi and registered as a sex offender with the MSOR based on her Louisiana "CANS conviction." Otherwise, the remaining averments in paragraph 82 are denied, upon information and belief.

83.     Paragraph 83 of the complaint states legal conclusions that do not require a response from Defendants. Defendants admit only that a lawsuit was filed challenging the registration requirement of the Louisiana "CANS statute"; that the court decision referenced n paragraph 83 speaks for itself; that Louisiana settled the lawsuit referenced in paragraph 83 by agreeing to remove from its sex offender registry some individuals who had been required to register based solely on convictions under the Louisiana "CANS statute"; and that, upon information and belief, Plaintiff Diana Doe was subsequently removed from the Louisiana sex offender registry. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining averments in paragraph 83, and therefore deny same.

84.     Paragraph 84 of the complaint states legal conclusions that do not require a

14

response from Defendants.  Defendants admit only that, upon information and belief, Plaintiff

Diana Doe is no longer required to register as a sex offender in Louisiana, but is currently

required to register as a sex offender in Mississippi. Otherwise, the remaining averments in

paragraph 84 are denied as stated.

85.     Defendants lack knowledge or information sufficient to form a belief as to the

truth or accuracy of the averments in paragraph 85, and therefore deny same.

**D.[3]     Elizabeth Doe**

86.     Admitted, upon information and belief.

87.     Admitted, upon information and belief.

88.     Defendants admit only that, upon information and belief, Plaintiff Elizabeth Doe

moved to Mississippi and registered as a sex offender with the MSOR based on her Louisiana

"CANS conviction." Otherwise, the remaining averments in paragraph 88 are denied, upon

information and belief.

89.     Paragraph 89 of the complaint states legal conclusions that do not require a

response from Defendants.  Defendants admit only that a lawsuit was filed challenging the

registration requirement of the Louisiana "CANS statute"; that the court decision referenced in

paragraph 89 speaks for itself; that Louisiana settled the lawsuit referenced in paragraph 89 by

agreeing to remove from its sex offender registry some individuals who had been required to

register based solely on convictions under the Louisiana "CANS statute"; and that, upon

information and belief, Plaintiff Elizabeth Doe was subsequently removed from the Louisiana

sex offender registry.  Otherwise, Defendants lack knowledge or information sufficient to form a

---

[3] The complaint served on Defendants contains two subsections denominated as "D."

belief as to the truth or accuracy of the remaining averments in paragraph 89, and therefore deny same.

90.     Paragraph 90 of the complaint states legal conclusions that do not require a response from Defendants.  Defendants admit only that, upon information and belief, Plaintiff Elizabeth Doe is no longer required to register as a sex offender in Louisiana, but is currently required to register as a sex offender in Mississippi. Otherwise, the remaining averments in paragraph 90 are denied as stated.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 91, and therefore deny same.

**FIRST CAUSE OF ACTION**
**(Fourteenth Amendment: Due Process)**

92.     Defendants incorporate by reference their responses to the proceeding paragraphs as if set forth in full verbatim herein.

93.     Defendants admit that Plaintiffs have asserted only official capacity claims against Defendants.

94.     Denied.

95.     Denied as stated.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Denied.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment: Equal Protection)

102.    Defendants incorporate by reference their responses to the proceeding paragraphs as if set forth in full verbatim herein.

103.    Defendants admit that Plaintiffs have asserted only official capacity claims against Defendants.

104.    Denied.

105.    Denied as stated.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

## PRAYER FOR RELIEF

As to the last, unnumbered paragraph under the heading "Prayer for Relief," Defendants deny that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the specific relief requested in sub-paragraphs (a) through (p) inclusive.

## FIRST DEFENSE

The complaint should be dismissed for lack of justiciability, including, but not limited to, for lack of standing, mootness, and/or ripeness.

## SECOND DEFENSE

The complaint should be dismissed for failure to join a required party pursuant to Fed. R.

17

Civ. P. 12(b)(7) and 19.

### THIRD DEFENSE

The complaint should be dismissed for failure to exhaust administrative remedies.

### FOURTH DEFENSE

The court should abstain from adjudicating the dispute presented by the complaint.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of laches, waiver, res judicata and/or estoppel.

### SEVENTH DEFENSE

Defendants affirmatively assert all defenses which they are entitled to, or may become entitled to, pursuant to Fed. R. Civ. P. 23.

### EIGHTH DEFENSE

Defendants affirmatively assert all defenses which they are entitled to, or may become entitled to, pursuant to 34 U.S.C. § 20913 *et seq.*, and any other applicable federal or state statutes or regulations.

### NINTH DEFENSE

Some or all of Plaintiffs' claims are barred by the Eleventh Amendment, or otherwise barred by immunity, including, but not limited to sovereign, judicial, absolute, and/or qualified immunity.

**TENTH DEFENSE**

Defendants affirmatively assert all defenses which they are entitled to, or may become

entitled to, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512

U.S. 477 (1994), and/or the *Rooker-Feldman* doctrine.

**TWELFTH DEFENSE**

The Plaintiffs' complaint fails to state a claim against the Defendants upon which relief

can be granted.

**THIRTEENTH  DEFENSE**

The court lacks jurisdiction over the parties and some or all of the asserted claims in this

cause.

**FOURTEENTH DEFENSE**

Some or all of the Plaintiffs fail to state a claim because they have an adequate remedy at

law.

AND NOW, having responded to the averments in the complaint, paragraph by

paragraph, and having set forth their affirmative defenses, Defendants Jim Hood, Attorney

General of the State of Mississippi; Marshall Fisher, Commissioner of the Mississippi

Department of Public Safety; Charlie Hill, Director of the Mississippi Sex Offender Registry;

Colonel Chris Gillard, Director of the Mississippi Highway Patrol; and Lieutenant Colonel

Jimmy Jordan, Director of the Mississippi Bureau of Investigation, respectfully request that their

answer and defenses be received, and move the Court to enter an order dismissing Plaintiffs'

complaint with prejudice, and at Plaintiffs' sole cost.

Respectfully submitted this the 7th day of November, 2017.

> JIM HOOD, Attorney General of the
> State of Mississippi; MARSHALL FISHER,
> Commissioner of the Mississippi Department of
> Public Safety; CHARLIE HILL, Director of the
> Mississippi Sex Offender Registry; COLONEL
> CHRIS GILLARD, Director of the Mississippi
> Highway Patrol; and LIEUTENANT COLONEL
> JIMMY JORDAN, Director of the Mississippi
> Bureau of Investigation

By:     *s/Paul Barnes*
        PAUL E. BARNES, MSB No. 99107
        WILSON MINOR, MSB No. 102663
        Special Assistant Attorneys General
        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        Post Office Box 220
        Jackson, MS   39205
        Telephone No. (601)359-4072
        Facsimile: (601)359-2003
        pbarn@ago.state.ms.us
        wmino@ago.state.ms.us

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day I, Paul E. Barnes, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notice of such filing to the following:

Robert B. McDuff
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
rbm@McDuffLaw.com

Jacob W. Howard
MCDUFF & BYRD
767 N. Congress
Jackson, MS 39202
jake@McDufflaw.com

Ghita Schwarz - PHV
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
gschwarz@ccrjustice.org

Matthew Strugar - PHV
2108 Cove Avenue
Los Angeles, CA 90039
matthewstrugar@gmail.com

ATTORNEYS FOR PLAINTIFFS

THIS, the 7th day of November, 2017.

*s/Paul Barnes*
PAUL E. BARNES