# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| DOE,<br><br>   Plaintiff,<br><br> v.<br><br>HOOD, *et al*,<br><br>   Defendants. | **Case No. 3:16-cv-00789 (CWR) (FKB)** |

### STATEMENT OF UNCONTESTED MATERIAL FACTS
### IN SUPPORT OF PLAINTIFF ARTHUR DOE'S MOTION FOR SUMMARY JUDGMENT

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6478

LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, CA 90039
(323) 739-2701

LAW OFFICE OF ROBERT MCDUFF
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

*ATTORNEYS FOR PLAINTIFFS*

**I.     The Statutory Framework: Mississippi's Unnatural Intercourse Statute, Sex Offender Registration Law, and Prostitution Statute,**

1. Mississippi's Unnatural Intercourse statute criminalizes "the detestable and abominable crime against nature committed with mankind" and subjects those convicted to imprisonment for up to ten years. Miss. Code Ann. § 97-29-59.

2. Mississippi courts have interpreted the Unnatural Intercourse statute to bar oral or anal sex. *See, e.g., State v. Mays*, 329 So. 2d 65 (Miss. 1976); *State v. Davis*, 79 So. 2d 452 (Miss. 1955).

3. The statute criminalizes oral and anal sex without requiring any element of force, public conduct, commercial activity, or conduct with a minor. *Id*. State court decisions have upheld convictions without any finding of force, public conduct, commercial activity, or conduct with a minor. *Id*.

4. Mississippi requires those with Unnatural Intercourse convictions to register as sex offenders. Miss. Code. Ann. 45-33-23 (h)(xi) (listing Unnatural Intercourse as an offense triggering required registration).

5. The Public Sex Offender Registration Law requires registration on a public sex offender registry for a range of convictions under Mississippi's criminal code. § 45-33-23(h). Mississippi also requires registration for a conviction in another jurisdiction which Mississippi deems the equivalent of an in-state conviction. *Id*. § 45-33-23(h) (xxi).

6. Thus, individuals with convictions under statutes that criminalize oral and anal sex in other jurisdictions who may not be required to register in those jurisdictions are required to register in Mississippi. *See* Defendants' Response to Request for Admission (hereinafter "RFA") 11, attached as Exhibit 1 to Declaration of Ghita Schwarz (hereinafter "Schwarz Decl.") (admitting that an individual "convicted under the laws of another jurisdiction that had the sole

1

element of engaging in oral sex would have to register on the Mississippi Sex Offender registry pursuant to § 45-33-23(h) (xxi)"; RFA 12, attached as Schwarz Decl. Ex. 1 (admitting that an individual "convicted under the laws of another jurisdiction that had the sole element of engaging in anal sex would have to register on the Mississippi Sex Offender registry pursuant to § 45-33-23(h) (xxi)."

7.   Offenses are categorized into "tiers" that determine the length of time an individual must register. Unnatural Intercourse is considered a Tier II offense, requiring at least twenty-five years of registration. § 45-33-47(2)(c). Thus individuals with one conviction under the Unnatural Intercourse statute or an out-of-state conviction that Mississippi deems equivalent must register as a sex offender for a minimum of 25 years before he or she is permitted to petition a court for removal from the registry. *Id*. A second conviction requires lifetime registration, with no possibility of removal. *Id*. §45-33-47(2)(d)(xvi).

8.   Mississippi interprets the 25-year requirement be a requirement for years on the registry, rather than years since conviction or years since release from prison or jail. See Excerpts of the Deposition of Lt. Charlie Hill (hereinafter "Hill Dep."), attached as Schwarz Decl. Ex. 2 at 135: 8-23.

9.   Mississippi also makes prostitution a crime. Miss. Code Ann. § 97-29-49. The Prostitution statute bars sexual conduct for money, and states that "'sexual conduct' includes cunnilingus, fellatio, masturbation of another, anal intercourse or the causing of penetration to any extent and with any object or body part of the genital or anal opening of another." *Id*.

10.   Prostitution between adults, however, is not a registrable offense in Mississippi. *See* Miss. Code Ann. § 45-33-23(h)(i-xxiv). Defendants initially articulated no rationale for the requirement that those convicted of oral sex under the Unnatural Intercourse statute register,

while those convicted of fellatio or cunnilingus under the Prostitution statute need not. Defendants' Interrog. Resp. No. 14, attached as Schwarz Decl. Ex. 3. Instead, Defendants confined their rationale to anal sex, stating that "anal sex is the highest-risk form of sexual behavior for the transmission of sexually transmitted diseases, including HIV/AIDS, chlamydia, gonorrhea, and HPV (human papillomavirus)." *Id*. This response, describing the purported risks of engaging in anal sex would apply to anal sex under the Prostitution statute as well. Hill Dep. 119: 2-10, attached as Schwarz Decl. Ex. 2.

11. Defendants subsequently provided an additional rationale for requiring registration for Unnatural Intercourse convictions but not for Prostitution convictions: statute as registrable and the Prostitution statute as not, stating that  Defendants' Supplemental Interrog. Resp. No. 14, attached as Schwarz Decl. Ex. 3. This response overlooks at least 29 individuals who have Louisiana CANS convictions, which involve no allegations of force, only of solicitation, and are required to register on the MSOR.

## II. The Supreme Court's Invalidation of Sodomy-Only Statutes and Mississippi's Continued Enforcement of Sodomy-Only Statutes.

12. In 2003, in the landmark decision *Lawrence v. Texas,* the Supreme Court struck down a Texas law prohibiting same-sex oral and anal sex, finding it violated the Due Process Clause. 539 U.S. 558, 578 (2003).

13. The *Lawrence* decision also reversed an earlier decision in *Bowers v. Hardwick*. 478 U.S. 186 (1986). *Bowers* had upheld a Georgia statute criminalizing oral and anal sex between same-sex and different-sex partners alike. *Bowers*, 478 U.S. at 198 (reversing 11th Circuit Court of Appeals and stating that "we are unpersuaded that the sodomy laws of 25 states should be invalidated."). The *Lawrence* Court explicitly disavowed *Bowers*. *See* 529 U.S. at 578 ("*Bowers* was not correct when it was decided, and it is not correct today.").

14. Since *Lawrence* was decided, several states have since repealed their sodomy-only statutes. *See, e.g.*, Mo. Rev. Stat. § 566.062 (2006) (amending its Sodomy statute to only apply to sex acts with minors less than 14 years old); Kan. Stat. Ann. § 21-3505 (2010) (repealing its [sodomy] statute outright); Va. Code Ann. § 18.2-361 (amending its Crimes Against Nature statute to apply only to bestiality and incest).

15. Mississippi has not repealed the "with mankind" portion of its Unnatural Intercourse statute. Miss. Code Ann. § 97-29-59.

16. Mississippi has also not repealed the requirement that those with Unnatural Intercourse convictions or convictions that Mississippi deems equivalent be required to register as sex offenders. Miss. Code Ann. § 45-33-23(h)(xi).

17. Indeed, despite the ruling in *Lawrence* explicitly striking down Texas' sodomy-only statute, Mississippi's law requires those with a Texas sodomy conviction to register as sex offenders. RFA 6, attached as Schwarz Decl. Ex. 1.

18. Similarly, despite the ruling in *Lawrence* explicitly overturning its earlier decision in *Bowers* to uphold Georgia's sodomy statute, Texas' sodomy-only statute, Mississippi's law requires with a Georgia sodomy-only conviction to register as sex offenders. RFA 7, attached as Schwarz Decl. Ex. 1.

19. For years, Mississippi has also required those with convictions under Louisiana's Crimes Against Nature by Solicitation ("CANS") statute to register in Mississippi. Hill Dep. 57: 5-12, attached as Schwarz Decl. Ex. 2.

20. Mississippi has done so despite the fact that in 2012, a federal District court struck down Louisiana's requirement that those with CANS convictions register as sex offenders. *See Doe v. Jindal*, 851 F. Supp. 2d 995, 1009 (E.D. La. 2012) (finding that requirement that plaintiffs register as sex offenders while those convicted of solicitation of prostitution need not violated the Equal Protection clause). Hill Dep. 58:1-5, attached as Schwarz Decl. Ex. 2.

21. Louisiana has also repealed the CANS law. *Doe v. Caldwell*, 913 F. Supp. 2d 262, 266 (E.D. La. 2012).

22. Individuals with CANS convictions, both directly and through their legal representatives, have notified Mississippi's Department of Public Safety numerous times that they are no longer required to register in Louisiana. *See, e.g.*, Hill Dep. 62: 11-21, attached as Schwarz Decl. Ex. 2; Deposition of Lori Jones ("Jones Dep.") 48:7-24; 50:3-11, 52:19-23, attached as Schwarz Decl. Ex. 4. Mississippi's Department of Public Safety has taken the position that they must register in Mississippi, because CANS is deemed equivalent to the Unnatural Intercourse statute. Hill Dep. 57: 5-17, attached as Schwarz Decl. Ex. 2.

### III. Parties

#### A. Plaintiffs

23. Plaintiff Arthur Doe is a Mississippi resident. He is required to register on the Mississippi Sex Offender Registry ("MSOR") as a sex offender pursuant to Mississippi's sex

offender registration law, Miss. Code. Ann. §§ 45-33-21 *et seq*. See Bates No. Doe_P. 00001, attached as Schwarz Decl Ex. 5.

24. Mr. Doe is registered as a sex offender solely as a result of a single Unnatural Intercourse conviction dating from 1978, seventeen years before the establishment of the MSOR. Mr. Doe has no other convictions that would trigger registration under the Mississippi's sex offender law. *Id*. See Bates No. Doe_P. 00001, attached as Schwarz Decl. Exhibit 5.

25. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

26. ███████████████████████████████████████████████████████████

27. In 2008, Mr. Doe was first provided with an acknowledgment form of his duty to register as a sex offender because of the Unnatural Intercourse guilty plea from 1978. ███████████████████████████████████████████████████████████████████████████████████

28. Because Mississippi requires that individuals be on the registry for twenty-five years beginning the date of first registration, *see* ¶¶ 7-8 *supra*, Mr. Doe, who pled to Unnatural Intercourse in 1978, would now be required to submit to registration and to re-register every three months until at least 2033, █████████████████

29. Plaintiffs Brenda Doe, Carol Doe, Diana Doe and Elizabeth Doe have convictions under the Louisiana CANS statute. *See* Bates Nos. Doe_P 00005-28, attached as Schwarz Decl. Ex. 6.

30. Despite the rulings in *Doe v. Jindal* and *Doe v. Caldwell* that removed them from Louisiana's sex offender registry, Plaintiffs Brenda Doe, Carol Doe, Diana Doe, and Elizabeth Doe have been required to register as sex offenders in Mississippi. *Id.*

31. ████████████████████████████████████████████████████████████████████████

## B. Defendants

32. Defendant Jim Hood is the Attorney General of the State of Mississippi. Defendants' Answer ¶11 ECF. No. 14.

33. Defendant Albert Santa Cruz is the Commissioner of the Mississippi Department of Public Safety ("the Department") Defendants' Answer ¶12, ECF. No. 14.

34. Defendant Lt. Charlie Hill is the Director of the Department of Public Safety Sex Offender Registry. Defendants' Answer ¶13, ECF No. 14; Hill Dep. 11: 14-15, attached as Schwarz Decl. Ex. 2.

35. Defendant Colonel Chris Gillard is the Chief of the Mississippi Highway Patrol/Assistant Commissioner of Public Safety. Defendants' Answer ¶14, ECF No. 14.

36. Defendant Lieutenant Colonel Larry Waggoner is the Director of the Mississippi Bureau of Investigation (MBI). Defendants' Answer ¶15, ECF No. 14.

**IV.     Effects of Registration of Constitutionally-Protected Conduct**

37.     Approximately 22 individuals are on the registry solely for Unnatural Intercourse convictions or for out-of-state convictions for oral or anal sex that Mississippi deems equivalent to Unnatural Intercourse. In addition, approximately 29 individuals are registered solely for convictions under Louisiana's CANS statute, which Mississippi has deemed equivalent to Unnatural Intercourse.  Schwarz Decl. ¶ 4.

38.     The only trigger for registration is a conviction; there is no statutory provision or mechanism for considering underlying charges or alleged conduct when evaluating an individual's requirement to register. Report of Expert Robert Rudder ("Rudder Report") ¶ 8, attached as Schwarz Decl. Ex. 7; Hill Dep. 115:9-16, attached as Schwarz Decl. Ex. 2. Thus, a 40-year-old male who is indicted under Miss. Code Ann. § 97-3-95 for committing sexual battery against a 12-year-old girl—which is registrable offense, 45-33-23(h)—can reach a plea for simple assault—which is not a registrable offense. Rudder Report ¶ 9a, attached as Schwarz Decl. Ex. 7.

39.     In training for public defenders, the Mississippi Office of State Public Defenders emphasizes "avoiding 'conviction' for a registerable offense." Rudder Report ¶ 8, attached as Schwarz Decl. Exhibit 7. Individuals like Mr. Doe, who pled guilty to Unnatural Intercourse prior to the inclusion of Unnatural Intercourse on the Mississippi Sex Offender Registration Law, were never able to avail themselves of the common practice of avoiding a guilty plea that would trigger registration.

40.     The Mississippi Office of State Public Defenders trains every public defender in the state to attempt to avoid convictions for registrable offenses by either dismissal of the charge, pleas to a lesser nonregistrable offense, acquittal on the registrable offense at trial, or going to

trial with the goal of limiting the conviction to a lesser nonregistrable offense. Rudder Report ¶ 8, attached as Schwarz Decl. Ex. 7.

41. Mississippi's Sex Offender Registration law provides for individuals who have spent their minimum required number of years on the registry to petition a court in the jurisdiction in which they were convicted for removal from the registry. Miss. Code Ann. § 45-33-47(2). Of the hundreds of individuals who have been required to register as sex offenders in Mississippi, only four have ever successfully petitioned for removal. Hill Interrog. Response 25, attached as Schwarz Decl. Ex. 8. No one convicted of Unnatural Intercourse has ever petitioned for removal after serving their minimum registration period of 25 years. Hill Interrog. Responses 25-26, attached as Schwarz Decl. Ex. 8. The requirement that those with Unnatural Intercourse convictions register has thus in effect been a lifelong requirement.

42. Yet Mississippi's Department of Public Safety has never studied or analyzed the public safety implications, benefits, or disadvantages of requiring individuals with Unnatural Intercourse convictions to register. Hood RFA 1, attached as Schwarz Decl. Ex. 9; Hill Dep. 120:20-23, attached as Schwarz Decl. Ex. 2.

Respectfully submitted this 8th day of May, 2018,

| | |
|---|---|
| CENTER FOR CONSTITUTIONAL RIGHTS | LAW OFFICE OF ROBERT MCDUFF |
| By: /s/ Ghita Schwarz<br>    Ghita Schwarz<br>        *pro hac vice*<br>    Stephanie Llanes<br>        *pro hac vice*<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6445<br>Fax: (212) 614-6499<br>gschwarz@ccrjustice.org<br>sllanes@ccrjustice.org | By: /s/ Robert B. McDuff<br>    Robert B. McDuff<br>      Bar No. 2532<br>    Jacob W. Howard<br>      Bar No. 103256<br>767 North Congress Street<br>Jackson, Mississippi 39202<br>Tel:(601) 969-0802<br>Fax: (601) 969-0804<br>rbm@mcdufflaw.com<br>jake@mcdufflaw.com |

LAW OFFICE OF MATTHEW STRUGAR

By: /s/ Matthew Strugar
    Matthew Strugar
        *pro hac vice*
2108 Cove Avenue
Los Angeles, CA 90039
Tel: (323) 739-2701
matthewstrugar@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on this day I, Ghita Schwarz, Counsel for Plaintiffs, electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notice of such filing to the following:

PAUL E. BARNES, MSB No. 99107
Special Assistant Attorney General
State of Mississippi
Office of the Attorney General
Post Office Box 220
Jackson, MS 39205
pbarn@ago.state.ms.us

WILSON MINOR, MSB No. 102663
Special Assistant Attorney General
State of Mississippi
Office of the Attorney General
Post Office Box 220
Jackson, MS 39205
wmino@ago.state.ms.us

In addition, the Proposed Order accompanying this Motion was sent to the above email addresses.

ATTORNEYS FOR DEFENDANTS

THIS, the 8th day of May 2018.

/s/Ghita Schwarz_____
GHITA SCHWARZ