UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR DOE et al., | : |
| Plaintiffs | : Civil Case No. 3:16-CV-00789-CWR-FKB |
| v. | : |
| JIM HOOD et al., | : |
| Defendants | : |

## ORDER

It is hereby DECLARED, ORDERED, ADJUDGED and DECREED as follows:

1. In *Doe v. Jindal*, 851 F. Supp. 2d 995 (E.D. La. 2012) ("*Doe I*"), Civil Case No. 11-cv-388 (ECF No. 106) (April 11, 2012), the United States District Court for the Eastern District of Louisiana declared that Louisiana's sex offender registry law violated the Equal Protection Clause of the Fourteenth Amendment by mandating sex offender registration for individuals convicted of violating Louisiana's Crime Against Nature by Solicitation ("CANS") statute, La. R.S. §14:89(A)(2) or La. R.S. §14:89.2(A), but not for individuals convicted of violating the solicitation provision of Louisiana's Prostitution statute, La. R.S. §14:82(A)(2).

2. In *Doe* I, the District Court ordered Louisiana to remove the nine plaintiffs from its Sex Offender & Child Predator Registry ("SOCPR") and to "cease and desist from placing" individuals convicted of CANS on the SOCPR.

3. In a subsequent proposed class action, *Doe v. Caldwell*, Civil Case No. 12-1670 (E.D. La) ("*Doe II*"), the State of Louisiana agreed to remove from the SOCPR all registered offenders who had not been convicted of any other registrable sex offense besides CANS

and whose conviction(s) did not involve the solicitation of a minor (under the age of 18). *Doe II*, Civil Case No. 12-1670 (Stipulation of Settlement and Release of Claims, ECF No. 76) (June 10, 2013).

4. Under the terms and conditions set forth in this Order, the parties do hereby agree to resolve the above-captioned action with regard to plaintiffs and putative class members required to comply with Mississippi's Sex Offender Registration Statute, Miss. Code Ann. § 45-33-23 *et seq.*, for CANS convictions in Louisiana under La. R.S. §14:89(A)(2) or La. R.S. §14:89.2(A). These plaintiffs and putative class members registered as sex offenders in Mississippi because, at the time they moved to Mississippi, they were required to register as sex offenders in Louisiana. *See* Miss. Code Ann. § 45-33-23(h)(xxii). Under the terms of the court orders referenced in paragraph 5.c. herein, these individuals were removed from the SOCPR and are no longer required to register in Louisiana.

5. Therefore, the Director of the MSOR, in his official capacity, shall remove from the MSOR all individuals who are **entitled to removal** as follows:

   a. he or she is currently registered as a sex offender solely because of a conviction or multiple convictions for CANS under La. R.S. §14:89(A)(2) or La. R.S. §14:89.2(A);

   b. he or she has been convicted of no other "registerable offense," as that term is defined in Miss. Code Ann. § 45-33-23(h); and

   c. he or she was removed from the Louisiana SOCPR as a result of the summary judgment decision and order in *Doe I*, 851 F. Supp. 2d 995 (E.D. La. 2012), Civil Case No. 11-cv-388 (ECF No. 106) (April 11, 2012), under the terms of

the Stipulation of Settlement in *Doe II*, Civil Case No. 12-1670 (E.D. La) (ECF No. 76) (June 10, 2013) or pursuant to any other lawsuit or judicial proceeding.

6. The Director of the MSOR, in his official capacity, shall remove all persons described in Paragraph (5) above as expeditiously as practical, and in no event later than twenty-one (21) days from the date of entry of this Order. Defendants shall not require any person described in paragraph 5 to register in the future on the basis of a CANS conviction.

7. The Director of the MSOR, in his official capacity, shall mail a written notification to all persons described in Paragraph (5) above within twenty-one (21) days of the entry of this Order informing them that they have been removed from the MSOR and will no longer have to register as sex offenders in Mississippi.

8. The Director of the MSOR, in his official capacity, shall within twenty-one (21) days of the entry of this Order, remove any reference to a CANS conviction on the MSOR's website from the list of registrable offenses for any currently registered sex offender who has a CANS conviction and also has been convicted of another "registrable offense," as that term is defined in Miss. Code Ann. § 45-33-23(h). However, the parties further agree that any person who has been convicted of another registrable offense conviction shall not be removed from the MSOR and shall remain fully subject to the requirements, duties, obligations, and restrictions of the Sex Offender Registration Statute, Miss. Code Ann. § 45-33-23 et seq., with regard to the other registrable offense.

9. The Director of the MSOR, in his official capacity, shall, within ninety (90) days of the entry of this Order, provide notification to all Mississippi sheriff's offices, district attorneys, drivers services stations, the U.S. Attorneys for the Northern and Southern Districts of Mississippi, and the Mississippi Department of Corrections that each person

described in Paragraph (5) has been removed from the MSOR and is no longer subject to the requirements of the Mississippi Sex Offenders Registration Law. Notification specific to each individual entitled to be removed from the MSOR shall also be provided to the sheriff's office of that individual's county of residence.

10. The Director of the Mississippi Sex Offender Registry, within twenty-eight (28) days of the entry of this order, shall distribute to all staff and contract employees of the Mississippi Sex Offender Registry, a division of the Department of Public Safety, plus all attorneys employed by the Department of Public Safety, a memorandum stating that individuals with CANS convictions who are not required to register with the SOCPR and who do not have another registrable offense shall not be required to register under Miss. Code Ann. § 45-33-23(h) (i-xxiv). The memorandum shall explain that (a) individuals with such convictions have not been convicted of an offense in another jurisdiction which, if committed in Mississippi, would be deemed to registrable in Mississippi as set forth in § 45-33-23(h)(xx); and (b) individuals with such convictions are not required to register in the state of Louisiana and thus have not been convicted of offenses that fall within the definition of sex offenses set forth in § 45-33-23(h)(xxi).

11. Consistent with the terms of the Agreed Amended Protective Order entered by the Court on October 16, 2017, Defendants shall not disclose the identity or any identifying information of named plaintiffs, or the identity or any identifying information of persons who are entitled to removal from the MSOR, to members of the media or the public or to any person, group or organization that is not involved in removing them from the MSOR and/or granting the other relief necessary to effect their removal from the MSOR and/or any person or entity not necessary to execute this Order.

12. Defendants shall provide Plaintiffs with a list of all persons, if any, who are entitled to removal as defined in Paragraph (5) above and who are currently subject to incarceration, fines, electronic monitoring or driver's license revocation for "failure to register" pursuant to Miss. Code Ann. § 45-33-33 within twenty-one (21) days of the entry of this Order.

13. The Mississippi Department of Public Safety shall, if requested by the individual removed from the MSOR, issue one duplicate state identification card or driver's license to each person referenced in Paragraph 5 for the sole purpose of removing any identifying sex offender marking on their existing identification card or license. Defendants agree to waive any administrative fees associated with the issuance of such a duplicate identification card or driver's license one time and one time only, on condition that any such request must be made within one hundred-eighty (180) days of the entry of this Order.

14. Defendants shall provide this Court and counsel for Plaintiffs with a list, filed under seal, of all persons described in Paragraph (5) above who have been removed from the MSOR and all persons described in Paragraph (8) above who have had their CANS conviction(s) removed from the list of their registrable offenses within twenty-eight (28) days of entry of this Order.

15. This Court will retain jurisdiction over this matter for one year after the entry of this Order to enforce compliance with the terms of said Order. The parties shall jointly submit a Proposed Partial Judgment to the Court incorporating by reference the terms of this Order.

16. This Order is not and does not contain any finding, admission, or concession that any Defendant committed any wrongful act including, but not limited to, violating the U.S. Constitution or federal law. This Order also is not and does not contain any finding,

admission, or concession that any law(s) of the State of Mississippi violates the U.S. Constitution, any amendment thereto, or any federal law.

**SO ORDERED** on this the 10th day of May, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

*s/Paul E. Barnes*
PAUL E. BARNES, MSB No. 99107
WILSON MINOR, MSB No. 102663
Special Assistant Attorneys General
STATE OF MISSISSIPPI OFFICE
OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
Telephone No. (601)359-4072
Facsimile: (601)359-2003
pbarn@ago.state.ms.us
wmino@ago.state.ms.us

*Attorneys for Defendants*


*/s/Robert B. McDuff*
Robert B. McDuff, Bar No. 103256
767 North Congress Street
Jackson, Mississippi 39202
Tel: (601) 969-0802
Fax: (601) 969-0804


*/s/Ghita Schwarz*
Ghita Schwarz, *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6478
Fax: (212) 614-6499
Email: gschwarz@ccrjustice.org


*/s/Matthew Strugar*
Matthew Strugar, *pro hac vice*
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel: (323) 739-2701

*Attorneys for Plaintiffs*