# IN UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ARTHUR DOE, et al.**                                                                             **PLAINTIFFS**

**VS.**                                                         **CAUSE NO: 3:16-cv-789-CWR-FKB**

**JIM HOOD, Attorney General**
**of the State Of Mississippi, et al.**                                                                **DEFENDANTS**

### REPLY IN FURTHER SUPPORT OF DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, sued in their official capacities only, and submit this reply in further support of their motion for summary judgment as follows, to-wit:

## ARGUMENT

**I.**     **ARTHUR DOE'S DEMAND FOR FACIAL RELIEF IMPLICATES THE CONVICTIONS OF NUMEROUS OTHER REGISTERED SEX OFFENDERS.**

    **A.**     **Mississippi's Unnatural Intercourse Statute Does Not "Target" Private Same-Sex Activity and Has Been Used Historically to Target Sexual Predators.**

Despite Plaintiffs' assertion that Arthur Doe's conviction is now the only relevant issue, his facial claim jeopardizes the convictions of other sex offenders. Therefore, the circumstances of other offenders who would benefit from facial relief are relevant and material. Defendants offered evidence concerning other offenders to show three things: (1) the consequences of granting facial relief; (2) a rational basis to require registration for unnatural intercourse convictions; and (3) historically Mississippi's unnatural intercourse statute has been used to target sexual predators rather than adults engaged in private consensual sex. This distinction was important to the Supreme Court in *Lawrence v. Texas*:

> Laws prohibiting sodomy do not seem to have been enforced against consenting

> adults acting in private. A substantial number of sodomy prosecutions and
> convictions for which there are surviving records were for predatory acts against
> those who could not or did not consent, as in the case of a minor or the victim of
> an assault. As to these, one purpose for the prohibitions was to ensure there would
> be no lack of coverage if a predator committed a sexual assault that did not
> constitute rape as defined by the criminal law.

539 U.S. 558, 569 (2003).[1] This passage helped the Court distinguish salutary uses of anti-sodomy laws from the Texas statute at issue in *Lawrence*, which explicitly targeted same-sex conduct: "[a] person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex." Tex. Penal Code Ann. § 21.06 (West. 1994). Mississippi's unnatural intercourse law does not "target" same-sex conduct. The language of Section 97-29-59 encompasses both same-sex and opposite-sex activities, and the state courts have interpreted it that way. The fact that the Mississippi law has been used to target sexual predators is shown by the examples of offenders who were convicted of unnatural intercourse involving children and/or the use of force. [*See* Doc. 92, Def. Mem., at 22-23]. And many of those convictions involved heterosexual, rather than homosexual, sodomy. [*Id.* Doc. 91-5, Ex. 5].

**B. In 1978 the Unnatural Intercourse Statute Ensured Coverage for Sexual Assaults That Did Not Constitute Rape.**

Plaintiffs fail to accurately describe the history of Mississippi's sexual assault statutes. In this regard, they attempted to distinguish Arthur Doe's situation from the circumstances in the

---

[1] Plaintiffs accuse Defendants of attempting to rewrite history by asserting *Bowers* was an as-applied challenge. To the contrary, it is Plaintiffs who are the revisionists. Plaintiffs rely on a concurring opinion in *Bowers* by Justice Powell. [Pl. Mem. at 8 n.3]. Defendants rely on the majority option by Justice White, which stated: "[r]espondent then brought suit in the Federal District Court, challenging the constitutionality of the statute *insofar as it criminalized consensual sodomy*," and then added in a footnote: "[t]he only claim properly before the Court, therefore, is Hardwick's challenge to the Georgia statute *as applied to consensual homosexual sodomy.* We express no opinion on the constitutionality of the Georgia statute *as applied to other acts of sodomy.*" *Bowers v. Hardwick*, 478 U.S. 186, 188 & n.2 (1986) (emphasis added).

case of *State v. Music*, No. 33285-3-III, 193 Wash. App. 1039, 2016 Wash. App. LEXIS 862, 2016 WL 1704687 (Wa. Ct. App. Apr. 28, 2016). Plaintiffs allege that:

> The court grounded its decision in the fact that, prior to 1975, Washington's rape laws applied only to "instances of vaginal-penile intercourse." Prior to 1975, "sodomy was the only offense that applied" to anal rape in Washington. The Court reviewed the repealed sodomy statute's history to show that it was used exclusively to prosecute "cases of assaultive conduct." Because there was no other law prohibiting anal rape at the time of Music's crime, the state appeals court overturned the district court's order vacating Music's conviction.

[Doc. 115, Pl. Mem., at 17 (internal citations omitted]. Plaintiffs go on to say:

> Mississippi's rape and sexual assault laws were not historically and are not currently limited to vaginal-penile intercourse. When put to its burden of proving the elements beyond the simple sex, Mississippi has no trouble convicting anal rapists for crimes other than Unnatural Intercourse. For instance, the Mississippi Supreme Court unanimously upheld a 1990 conviction "on three counts of sexual battery under Miss. Code Ann. §§ 97-3-95 & 99-7-2 (1972)" for a man who anally raped his seven-year-old nephew. *Edwards v. State*, 594 So. 2d 587, 587 (Miss. 1992). Unlike Washington, Mississippi could and did try rapists under laws other than the Unnatural Intercourse law. The unpublished *Music* decision would not support Defendants' position even if it had precedential value.

[Pl. Mem. at 17-18].

Under *current* law, rape and sexual battery do apply to same-sex assaults. Otherwise, Plaintiffs are wrong. Mississippi's rape and sexual assault laws *were* historically limited to vaginal-penile intercourse, including 1978 when Arthur Doe was convicted. Because unnatural intercourse *was* the only sexual offense that Arthur Doe could be charged with in 1978, Plaintiffs' analysis of *State v. Music* and its applicability is incorrect.

Until 1985, the crime of forcible rape in Mississippi applied only to female victims and required evidence of vaginal penetration. Mississippi's historic rape statute, as re-codified in the Mississippi Code of 1972, stated:

3

> Every person who shall be convicted of rape, either by carnally and unlawfully knowing *a female child* under the age of twelve years, or by forcibly ravishing *any female* of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of *any female* above the age of twelve years without *her* consent . . . shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life as it may do in case of murder. In all cases where *the female* is under the age of twelve years it shall not be necessary to prove penetration of *the female's* private parts where it is shown that private parts of *the female* have been lacerated or torn in the attempt to have carnal knowledge of *her*.

Miss. Code Ann. § 97-3-65 (1972) (emphasis added) [Copied in Appendix I-A].

In 1977, the Legislature split the rape statute into two sections. At the time of Arthur Doe's offense and conviction in 1978, the statute provided, in relevant part:

> (1) Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing *a female child* under the age of twelve (12) years, upon conviction, shall be sentenced to death or imprisonment for life . . . In all cases where *the female child* is under the age of twelve (12) years it shall not be necessary to prove penetration of *the female's* private parts where it is shown the private parts of *the female* have been lacerated or torn in the attempt to have carnal knowledge of *her*.
>
> (2) Every person who shall forcibly ravish *any female* of the age of twelve (12) years or upward, or who shall have been convicted of having carnal knowledge of *any female* above the age of twelve (12) years without *her* consent . . . shall be imprisoned for life in the state penitentiary.

Miss. Code Ann. § 97-3-65 (eff. Apr. 13, 1977) (Supp. 1977) (emphasis added) [Copied in Appendix I-B].

It was not until 1985 that the Mississippi Legislature reorganized the sexual assault statutes to render them applicable to both genders. *See* Laws, 1985, ch. 389 (eff. Jul. 1, 1985) [Copied in Appendix I-C). For the first time the statute used gender neutral language to define rape: "[e]very *person* who shall forcibly ravish *any person* of the age of fourteen (14) years or upward, or who shall have been convicted of having carnal knowledge of *any person* above the

4

age of fourteen (14) years without *such person's* consent . . . ." *Id.*[2]

Similarly, "sexual battery" did not exist as a crime under Mississippi law until 1980. See Miss. Code Ann. § 97-3-97 (eff. July 1, 1980) [Copied in Appendix I-E]. In 1978, the only sexual offense Arthur Doe could be charged with was unnatural intercourse under Miss. Code. Ann. § 97-29-59. Until the Legislature created the crime of "sexual battery" in 1980, unnatural intercourse "was the only offense that applied to anal rape in [Mississippi]." [Doc. 115, Pl. Mem., at 17 (internal quotation marks omitted)]. Even though the *Edwards v. State* case cited by Plaintiffs upheld the conviction for sexual battery of an adult man who anally raped his seven-year-old nephew, that crime did not exist until 1980. Prior to 1980, the applicable statute was Section 97-29-59, and the charge would have been "unnatural intercourse," not rape or sexual battery. Thus, the rationale of the Washington court in the *Music* case as described by Plaintiffs ("Prior to 1975, 'sodomy was the only offense that applied' to anal rape in Washington") applies with equal force to Section 97-29-59.

## II. ARTHUR DOE HAS NOT SATISFIED THE REQUIREMENTS FOR FACIAL RELIEF.

A plaintiff bears a heavy burden when seeking to invalidate a statute in its entirety:

A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the . . . Act might operate unconstitutionally under some conceivable set of circumstances is

---

[2] The current version of the rape statute continues the use of gender neutral language as to victims and perpetrators, although it does use the term "sexual intercourse." However, "sexual intercourse" is then defined to apply to both same-sex and opposite-sex activity, vaginal and anal. Miss. Code Ann. § 97-3-65(7) (eff. Apr. 6, 2017) [Copied in Appendix I-D]. It is not disputed that, *under the current statutes*, any person who performed forcible anal sodomy on another person could be convicted of either forcible rape or sexual battery. *See, e.g.*, *Harper v. State*, 463 So. 2d 1036, 1038-39 (Miss. 1985) (Sexual battery statute applies to both same-sex and opposite-sex activity, regardless of gender).

5

insufficient to render it wholly invalid, since we have not recognized an "overbreadth" doctrine outside the limited context of the First Amendment.

*United States v. Salerno*, 481 U.S. 739, 745 (1987).

Plaintiffs assert that a facial challenge merely requires a plaintiff to "demonstrate that the invalid applications of the statute are 'substantial' when 'judged in relation to the statute's plainly legitimate sweep.'" [Pl. Mem. at 14, quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)]. However, that is the First Amendment standard for a facial overbreadth claim. *See Serafine v. Branaman*, 810 F.3d 354, 364 (5th Cir. 2016) ("Under the First Amendment, a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.") (internal quotation marks and citations omitted). Plaintiffs have not made a First Amendment challenge, so the overbreadth doctrine does not apply. The unnatural intercourse statute passes muster under that standard as well as *Salerno*.

The Fifth Circuit has on rare occasions referenced the "lacks any plainly legitimate sweep" issue: "[t]o succeed in a typical facial attack, [the plaintiff] would have to establish that no set of circumstances exists under which [the statute] would be valid, or that the statute lacks any plainly legitimate sweep." *In re IFS Fin. Corp.*, 803 F.3d 195, 208 (5th Cir. 2015) (quoting *United States v. Stevens*, 559 U.S. 460, 472 (2010)). However, even when the Fifth Circuit has referred to that language, the Court has actually applied only the *Salerno* standard. *Id.*

> However, even assuming for the sake of argument that under [plaintiff's] hypothetical fact pattern the statute would be unconstitutional as applied, that condition fails to invalidate the statute on its face because [plaintiff] has not demonstrated that the statute is unconstitutional in all its applications. As we noted above, since [plaintiff] may not bring a First Amendment overbreadth claim, he must demonstrate in this facial attack "that no set of circumstances

6

exists under which [the statute] would be valid."

*McKinley v. Abbott*, 643 F.3d 403, 409 (5th Cir. 2011).

Here, Plaintiffs cannot satisfy either standard because there is only one set of circumstances in which the statute would be unconstitutional, whereas Defendants have identified multiple valid applications of the statute. The law has a legitimate sweep, as it prohibits sexual assaults that for many years were not covered by existing sexual assault statutes. Further, the one potentially unconstitutional application of the statue is not "substantial" compared with the valid applications within its legitimate scope.

The Fifth Circuit has rejected similar arguments made by others because it "turns the facial constitutionality inquiry on its head, by urging that if there is some set of circumstances where the law would be unconstitutional, it is facially unconstitutional." *In re IFS Fin. Corp.*, 803 F.3d at 208. Plaintiffs identify one unconstitutional application of Section 97-29-59, ignore all the valid applications, and demand that the Court declare the statute "facially unconstitutional and unenforceable in any situation involving conduct between human beings." [Doc. 60 at 27]. Plaintiffs have utterly failed to meet their burden for facial relief.

## III. THE CONSEQUENCES OF FACIAL RELIEF CANNOT BE IGNORED.

Plaintiffs' claim for facial relief is a dramatic overreach. The phrase "unenforceable in any situation involving conduct between human beings" is straightforward and requires no interpretation. However, according to Plaintiffs, that phrase does not include persons convicted of sodomy (if additional elements are required), nor does it include persons convicted of crimes that also constitute sexual battery. Yet these are unquestionably "situation[s] involving conduct between human beings." Plaintiffs' reimagining of their Amended Complaint contradicts the

7

demand for facial relief in Arthur Doe's motion for summary judgment.

The ramifications of facial relief cannot be ignored. If the Court were to determine that Arthur Doe's conviction (and registration) were invalid, the Court could grant as-applied relief as a cure. There is no need to jeopardize the valid convictions of rapists and child molesters simply because they were prosecuted under the unnatural intercourse statute. However, granting facial relief would have that effect. Plaintiffs say this is just an "obvious consequence of *Lawrence*" and accuse Defendants of fearmongering. [Pl. Mem. at 27]. Defendants have done nothing more than take the allegations of the complaint ("conduct between human beings"), analyze sex offenders actually registered on the MSOR to determine who would benefit from facial relief, and accurately report that information to the Court. That sexual predators like the examples given by Defendants might be removed from the registry should frighten any reasonable person. And that outcome could not have been intended or foreseen by the Supreme Court in *Lawrence*.

## IV. PLAINTIFFS' EVIDENTIARY ARGUMENTS LACK MERIT.

Plaintiffs fall back on the argument that the Court may consider only the elements of the crime and argue that *some* of the offenders used as examples by Defendants of sexual predators were convicted of crimes in other states that had additional elements. [Pl. Mem. at 4]. Plaintiffs miss the boat, as this argument ignores the numerous offenders convicted of unnatural intercourse in Mississippi based on child abuse and rape described *infra*.

Plaintiffs' tunnel vision focuses solely on the fact that the language of Mississippi's unnatural intercourse statute could *theoretically* be used to prosecute consenting adults having private sex. Their argument is that of the dozens and dozens of offenders who are registered

8

because of sodomy "between human beings," they have identified three[3] as to which they believe the evidence is equivocal, and therefore argue that *Defendants* have not *proved* these offenders are not registered because of private consensual sex between adults. However, Plaintiffs bear the burden of proof, not Defendants. Plaintiffs have not offered any evidence that creates a genuine issue of material fact precluding summary judgment as to any offender, including Arthur Doe.

Arthur Doe has no right to any relief under the undisputed facts, either facial or as-applied. Whether the sodomy performed by or on Arthur Doe was forcible or consensual is immaterial. Arthur Doe does not dispute that he pled guilty to performing anal sex on another man while ▮▮▮▮▮ [*See* Pl. Mem. at 3 ("[O]n the 18th day of January, A.D., 1978, did then and there willfully, unlawfully and feloniously, with his intent, commit a crime against nature with ▮▮▮ to-wit: carnal copulation with a male human being, to-wit: ▮▮▮ by said ▮▮▮, penetrating the anus of said ▮▮▮ with his penis.") (alterations in original)]; [*See also* Doc. 91-2 at 5 ("Arthur Doe was ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.")]. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮ *See, e.g.*, *Morales v. Pallito*, 2014 WL 1758163, at * (D. Vt. Apr. 30, 2014) ("Consensual sexual intimacy between inmates in a correctional facility was not recognized as a constitutionally protected right in *Lawrence*."). Plaintiffs do not cite any cases stating that *Lawrence* provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That is because there are no such cases.

---

[3] Actually two. After summary judgment responses were filed, Offender No. 7 was determined to be a CANS Plaintiff and has been removed from the MSOR. [Pl. Mem. at 29-30].

9

Further, the records and documents relied on by Defendants are admissible, although absolute admissibility is not required at this stage. Rule 56 requires only that "a fact [may] be presented in a form that would be admissible in evidence." Fed. R. Evid. 56(c)(2). Plaintiffs cannot and do not make such an assertion or objection. Plaintiffs make only vague, conclusory allegations that some documents are hearsay. Many of the documents are not hearsay, or have been offered for a non-hearsay purpose. Further, there are numerous exceptions that would apply to the other documents, including the exceptions for records of regularly conducted activity, public records, and statements in ancient documents. *See* Fed. R. Evid. 803(6), (8), (16). Plaintiffs have not produced a shred of evidence in discovery (or in opposition to Defendants' motion) to support the claims of Arthur Doe.

Plaintiffs assert that Defendants have admitted that a person convicted under the Texas statute in *Lawrence* or the Georgia statute in *Bowers* would be required to register as a sex offender in Mississippi. That analysis is disingenuous at best. For example, one of the requests cited by Plaintiffs (the two are effectively identical) and Defendants' response read as follows:

> **REQUEST FOR ADMISSION NO. 6:** Admit that an individual with a conviction for Texas' Homosexual Conduct law (Tex. Penal Code § 21.06) who resides in Mississippi is required to register on the Mississippi Sex Offender Registry pursuant to Mississippi Code Annotated section 45-33-23(h)(xxi) regardless of the underlying facts giving rise to that conviction.
>
> **RESPONSE TO REQUEST NO. 6:** Defendants object to the extent the Request seeks information protected by the attorney/client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of the Defendants' attorneys.
>
> Without waiving, and limited by those objections, Defendants admit only that, under Miss. Code Ann. § 45-33-23(h)(xxi), an individual with a conviction for violating Texas' "Homosexual Conduct" statute (Tex. Penal Code § 21.06) who resides in Mississippi must register with the MSOR regardless of the facts and

> circumstances underlying the conviction. However, Defendants deny that the facts and circumstances underlying such a conviction can be separated from the conviction itself, and further deny that the underlying facts and circumstances are not relevant to the question of whether the State is constitutionally required to remove an offender from the MSOR.

[Schwarz Decl. Ex. 1 (Defendants' Response to Plaintiffs' Request For Admission No. 6)]. As Defendants read the request, it presupposes a *valid* conviction, and that is the request that Defendants answered. The "underlying facts and circumstances underlying such a conviction" would include whether the conviction was based on private, consensual, adult sex such that it would have been invalidated by *Lawrence*. If any person still has a criminal conviction on their record for *Lawrence*-protected conduct, that person may return to the court of conviction to have that conviction nullified. However, it is incumbent on the person challenging the conviction, not the MSOR, to have their conviction vacated. The requests for admissions are based on a hypothetical situation, not actual sex offenders. Plaintiffs have not proven anyone is registered on the MSOR because of convictions for private consensual sex under either the Georgia statute from *Bowers* or the Texas statute from *Lawrence*.

## V. *HECK* APPLIES EVEN THOUGH ARTHUR DOE IS NOT IN CUSTODY AND CANNOT FILE A HABEAS PETITION.

Plaintiffs' argument that the favorable-termination requirement established in *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar his claims, because he is not in custody and federal habeas relief is unavailable to him, must be rejected. [Pl. Mem. at 40-44]. Binding Fifth Circuit precedent holds that the *Heck* bar applies to § 1983 claims by former prisoners that, if successful, would imply the invalidity of their convictions or sentences.

To begin with, Plaintiffs fail to acknowledge that in *Heck*, which involved a prisoner in

state custody, the majority disagreed with Justice Souter's position that its holding should not apply to "former state prisoners who, because they are no longer in custody, cannot bring postconviction challenges." *Heck*, 512 U.S. at 490 n. 10. The Court stated: "We think the principle barring collateral attacks a longstanding and deeply rooted feature of both the common law and our own jurisprudence is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.*

The Fifth Circuit has expressly adopted this position. In *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000) (per curiam), a former prisoner asserted a § 1983 claim for damages, alleging that he had been unconstitutionally imprisoned for almost nine months while serving his sentence. *Id.* at 300-01. The prisoner argued that *Heck* did not apply because he was "no longer in custody and thus c[ould] not file a habeas petition." *Id.* at 301. The Fifth Circuit rejected this argument and held that the prisoner's claim was barred by *Heck* despite the fact that he filed suit after his incarceration ended:

> [*Heck*] unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim "is not cognizable under section 1983." Because Randell is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery and fails to state a claim upon which relief may be granted.

*Id.* (quoting *Heck*, 512 at 487; brackets and footnote omitted).[4] Although the Fifth Circuit noted

---

[4] Plaintiffs attempt to distinguish *Randell* on the grounds that the prisoner could have sought habeas or post-conviction relief while in prison, but did not. [Pl. Mem. at 43 n. 17]. Although it is true that in *Randell* the Fifth Circuit stated that the prisoner had not shown that he "lack[ed]" a "procedural vehicle" to challenge the length of his sentence, the court rejected the decisions of other circuits "relax[ing] *Heck*'s universal favorable termination requirement for plaintiffs who have no procedural vehicle to challenge their conviction." 227 F.3d at 301. The Fifth Circuit held that it could not rule that the Supreme Court had overruled *Heck*'s "unequivocal" holding. *Id.* Regardless, *Randell* is on point because Arthur Doe has not shown that he lacked a procedural vehicle to challenge his conviction. He

12

that other circuits had reached a contrary conclusion "[b]ased on dicta from concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1 . . . (1998),"[5] it "decline[d] to announce for the Supreme Court that it has overruled one of its decisions." *Randell*, 227 F.3d at 301.

Plaintiffs argue that *Randell* has no precedential value, as it was decided before the Supreme Court's decisions in *Muhammad v. Close*, 504 U.S. 749 (2004), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005). [Pl. Mem. at 43 n.17]. However, neither case addresses, much less resolves, the issue of whether *Heck* bars § 1983 claims by plaintiffs already released from state custody.[6] A footnote in *Muhammad* merely notes the possible disagreement for future resolution. 540 U.S. at 752 n. 2 (citations omitted). The Fifth Circuit continues to recognize and enforce *Randell* as binding precedent. *See Black*, 616 Fed. Appx. at 653-54 ("*Muhammad* only stated that the . . . [issue] remains *unsettled*. *Muhammad* failed to effect a change in the law that would

---

could have filed a motion for post-conviction for relief in the court where he pleaded guilty after registering with the MSOR. *See* Miss. Code. Ann. § 99-39-5(1).

[5] In *Spencer*, the Supreme Court held that a former prisoner's habeas petition was moot because he "ha[d] completed the entire term of imprisonment underlying the parole revocation." 523 U.S. at 3. The prisoner contended that his petition could not be moot because he had to prove that his parole revocation was invalid in order to assert a § 1983 claim for damages that was not barred by *Heck*. *Id.* at 17. The Court held that *Heck* would not bar a § 1983 claim that "did not necessarily imply the invalidity of the revocation." *Id.* at 17 (internal quotation marks and citation omitted). The Fifth Circuit has recognized that "[t]he majority opinion [in *Spencer*] did not address the application of *Heck*'s favorable-termination rule to an individual . . . who had been released from custody." *Black v. Hathaway*, 616 Fed. Appx. 650, 652-53 (5th Cir. 2015) (per curiam).

[6] *Wilkinson* involved two state prisoners who sought to challenge the constitutionality of Ohio's parole review procedures. 544 U.S. at 76. The Supreme Court held that *Heck* did not apply because "a favorable judgment w[ould] *not* necessarily imply the invalidity of their convictions or sentences." *Id.* at 82 (internal quotation marks, brackets, and citation omitted; emphasis added). Accordingly, that decision provides no support for Plaintiffs' arguments. In any event, *Randell* remains the law of the circuit.

13

allow this panel to revisit the court's decision in *Randell*.") (emphasis in original).[7]

Accordingly, that Arthur Doe is not in custody is of no consequence. Doe seeks a declaration that the unnatural intercourse statute is unconstitutional on its face and as applied to him. [Doc. 60, at ¶¶ 97-98, 107-09]. Because granting Doe such a declaratory judgment "would necessarily imply the invalidity of [his] conviction," his claims are not cognizable under § 1983.[8] *Heck*, 512 U.S. at 487.

## VI. Arthur Doe Has Not Established a Violation of Equal Protection.

Plaintiffs argue that persons convicted of unnatural intercourse are similarly situated to persons convicted of prostitution because the statutes "contain no reference to minors or forcible sex acts" and do not limit their "prohibition[s] to adults or to consent." [Pl. Mem. at 34-35]. This argument fails to address Defendants' unrebutted summary judgment evidence that most sex offenders registered for Mississippi unnatural intercourse convictions have either sexually assaulted minors or committed forcible sodomy. [*See* Docs. 91-5, 92 at 22-23]. These offenders are not similarly situated to prostitutes. Plaintiffs have not offered any evidence that anyone has

---

[7] In *Black*, the Fifth Circuit held that *Heck* barred the plaintiff's § 1983 claims even though he argued "he [wa]s no longer in custody and therefore [could not] seek habeas relief to satisfy the favorable-termination rule." 616 Fed. Appx. at 652; *see Kelly v. State*, 2016 WL 879315, at *2 (S.D. Miss. Mar. 7, 2016) ("Even if [plaintiff] is not serving parole because he has completed his criminal sentence which is the subject of this civil action, and thus is no longer 'in custody,' the *Heck* bar still applies[.]") (citing *Black*, 616 Fed. Appx. at 652-54).

[8] Plaintiffs contend that even if Arthur Doe's substantive due process claim is barred by *Heck*, his equal protection and procedural due process claims are not, since success on those claims would not undermine the validity of his conviction. [Pl. Mem. at 43-44]. This claim is belied by the fact that in both counts of the Amended Complaint, Plaintiffs seek both facial and as-applied relief for Arthur Doe. [*See* Doc. 60, at ¶¶ 97-98, 107-09].

ever been convicted of prostitution in Mississippi for child molestation or forcible sodomy.[9]

Additionally, Plaintiffs argue that offenders with unnatural intercourse convictions and convicted prostitutes are similarly situated, because prostitution is not protected conduct under *Lawrence*, and because "individuals engaging in oral or anal sex for money" could theoretically be prosecuted under the unnatural intercourse statute. [Pl. Mem. at 35]. These arguments are unavailing. First, Defendants' argument is not based on an interpretation of *Lawrence*. Instead, Defendants contend that what distinguishes the groups is the evidence that most registered sex offenders with unnatural intercourse convictions engaged in forcible sodomy or sodomy with minors, compared with the absence of evidence that anyone has ever been convicted of prostitution for engaging in "identical conduct." [*Id.*]. Second, while it may be theoretically possible that a person who merely exchanged or attempted to exchange anal or oral sex for money could be convicted of unnatural intercourse (or attempted unnatural intercourse), there is no evidence in the record suggesting that has ever happened. If such a similarly situated person existed, that person might have standing to assert an equal protection claim, but Arthur Doe certainly does not. [*See* Doc. 92 at 6-7].

Plaintiffs also assert that the justifications for requiring Arthur Doe to register are

---

[9] Plaintiffs suggest that there may be persons convicted of prostitution who may have engaged in sex acts similar to the ones committed by sexual predators registered with the MSOR based on unnatural intercourse convictions. [Pl. Mem. at 35]. Unsubstantiated assertions do not satisfy Plaintiffs' burden to prove that those convicted of unnatural intercourse are similarly situated to persons convicted of prostitution. *See, e.g.*, Sinclair v. Stalder, 78 Fed. Appx. 987, 988 (5th Cir. 2003) (holding a plaintiff must come forward with evidence to show that two groups are similarly situated at the summary judgment stage). Plaintiffs ignore the fact that felons convicted of soliciting sex from a minor under the age of 18 must register with the MSOR. Miss. Code Ann. 45-33-23(xix). Thus, Mississippi treats those who have been convicted of unnatural intercourse with minors the same as those who engage in prostitution with minors, so there is no equal protection issue.

insufficient to show that his registration is "not arbitrary." [Pl. Mem. at 36]. There is no evidence that Arthur Doe could have been convicted of prostitution, and therefore he is not similarly situated to those convicted of prostitution.[10] [Doc. 91-1 at MSOR.000375]. In any case, it is Plaintiffs' burden to prove that no rational basis exists for the legislative classification at issue.[11]

Plaintiffs have not even attempted to meaningfully rebut the rational basis offered by Defendants that offenders convicted of unnatural intercourse are more likely to be sexual predators than prostitutes, and therefore pose a greater threat to public safety.[12] Instead, Plaintiffs argue that it is not rational to require offenders with unnatural intercourse convictions to register because they have been convicted of a "wide range of conduct, including conduct" that was not "coercive" or "harmful." [Pl. Mem. at 37]. That is totally unproven. However, statutory classifications pass rational basis review "even when there is an imperfect fit between means and ends." *Heller*, 509 U.S. at 321. Thus, even if some sex offenders with unnatural intercourse convictions did not use force or sexually abused minors, it would not render the registration

---

[10] The fact that Arthur Doe could not have been charged with prostitution serves to distinguish this case from *Doe v. Jindal*, 851 F. Supp. 2d 995 (E.D. La. 2012), where the equal protection violation was based on the fact that persons who solicited sodomy for compensation could be charged under either Louisiana's prostitution statute or the CANS statute (in which case they would be required to register as a sex offender if convicted) depending on the whim of the prosecuting attorney. The equal protection analysis in *Jindal* was based on comparing apples with apples. The equal protection claim here is not.

[11] *See Harris v. Hahn*, 827 F.3d 359, 365 (5th Cir. 2016) ("[The State] is under no obligation to prove its reasons; it need only offer them. 'The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it' whether or not the basis has a foundation in the record.") (quoting *Heller v. Doe*, 509 U.S. 312, 320-21 (1993)).

[12] *Cf. Johnson v. Dep't of Justice*, 60 Cal. 4th 871, 884, 341 P.3d 1075 (2015) ("[T]he Legislature could plausibly assume that predators and pedophiles engaging in oral copulation have more opportunities to reoffend than those engaging in sexual intercourse, and, for that reason, are especially prone to recidivism and require ongoing surveillance.").

requirement *irrational* because many of these offenders actually did so. Therefore, the laws under review are rationally related to the State's interest in protecting the public from sexual predators.

## VII. ARTHUR DOE HAS NOT BEEN DENIED PROCEDURAL DUE PROCESS.

Plaintiffs contend that Defendants are requiring Arthur Doe to register based on "post-hoc assertions of underlying, never-proven facts," such that he has been denied notice and an opportunity to contest his registration. [Pl. Mem. at 37-38]. That is not correct. Defendants have presented evidence regarding the factual circumstances underlying Arthur Doe's unnatural intercourse conviction to demonstrate that his conviction was not invalidated by *Lawrence*. Arthur Doe is a registered sex offender because he was convicted of a registrable offense in 1978 and that valid conviction has not been vacated. *See* Miss. Code Ann. § 45-33-25(1)(a); Miss. Code. Ann. § 45-33-47(4).

Because Arthur Doe's registration was triggered by the fact of his conviction, he is not entitled to an administrative proceeding under binding Supreme Court precedent. *See Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003) (holding that a registered sex offender has no right to procedural due process when the registration law "turn[s] on an offender's conviction alone a fact that [the] convicted offender has already had a procedurally safeguarded opportunity to contest"). To the extent Arthur Doe asserts that he lacks a procedural vehicle to challenge his conviction, he is mistaken. As Plaintiffs' counsel is well aware, any convicted felon may return to the court where he or she was convicted and request that a

17

conviction be vacated as unconstitutional.[13]  Under Mississippi law, the authority to determine whether Arthur Doe's unnatural intercourse remains valid after *Lawrence* is vested in the court of conviction.  Arthur Doe has not availed himself of available methods to directly challenge the constitutionality of his conviction, so he has not been denied due process.[14]

## CONCLUSION

For the foregoing additional reasons, Defendants' motion for summary judgment should be granted.

Respectfully submitted this the 15th day of June, 2018.

                         JIM HOOD, Attorney General of the
State of Mississippi; ALBERT SANTA CRUZ, Commissioner of the Mississippi Department of Public Safety; CHARLIE HILL, Director of the Mississippi Sex Offender Registry; COLONEL CHRIS GILLARD, Chief of the Mississippi Highway Patrol; and LIEUTENANT COLONEL LARRY WAGGONER, Director of the Mississippi Bureau of Investigation

By:   *s/Paul Barnes*
       PAUL E. BARNES, MSB No. 99107

       WILSON MINOR, MSB No. 102663
       Special Assistant Attorneys General
       STATE OF MISSISSIPPI
       OFFICE OF THE ATTORNEY GENERAL
       Post Office Box 220

---

[13] Indeed, one of Plaintiffs' counsel had the out-of-state unnatural intercourse conviction of another offender vacated by the out-of-state court that had convicted him.  [Doc. 91-6 at MSOR.010859-60].  The order vacating the conviction relieved that offender of his duty to register.  [*Id.* at MSOR.010864-65].

[14] *See Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir.1987) (holding that a plaintiff "cannot skip an available state remedy and then argue that the deprivation by the state was the inadequacy or lack of the skipped remedy")

Jackson, MS 39205  
Telephone No. (601)359-4072  
Facsimile: (601)359-2003  
pbarn@ago.state.ms.us  
wmino@ago.state.ms.us

**CERTIFICATE OF SERVICE**

      This is to certify that on this day I, Paul E. Barnes, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notice of such filing to the following:

Robert B. McDuff
Jacob W. Howard
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
rbm@McDuffLaw.com

Ghita Schwarz - PHV
Shayana Devendra Kadidal - PHV
Stephanie Llanes - PHV
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
gschwarz@ccrjustice.org
kadidal@ccrjustice.org
sllanes@ccrjustice.org

Matthew Strugar - PHV
2108 Cove Avenue
Los Angeles, CA 90039
matthewstrugar@gmail.com

ATTORNEYS FOR PLAINTIFFS

THIS, the 15th day of June, 2018.

                                                *s/Paul Barnes*
                                                PAUL E. BARNES