IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARTHUR DOE, et al.**                                                                       **PLAINTIFFS**

**VS.**                                                             **CAUSE NO: 3:16-cv-789-CWR-FKB**

**JIM HOOD, Attorney General**
**of the State Of Mississippi, et al.**                                                      **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE AN UNREDACTED REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Jim Hood, Attorney General for the State of Mississippi; Marshall Fisher, the Commissioner of the Mississippi Department of Public Safety; Lieutenant Charlie L. Hill, Director of the Mississippi Sex Offender Registry; Colonel Chris Gillard, Director of the Mississippi Highway Patrol; Lieutenant Colonel Jimmy Jordan, Director of the Mississippi Bureau of Investigation, sued in their official capacities, and in accordance with Local Uniform Civil Rule 79, file this Memorandum in Support of their Unopposed Motion for Leave to File an Unredacted Reply in Further Support of Defendants' Motion for Summary Judgment, stating as follows, to-wit:

### RELEVANT BACKGROUND

On June 2, 2017, the Court granted Plaintiffs' motion to proceed under pseudonyms and ordered that "[n]one of plaintiffs' personally identifying information shall be made public on the Court's docket." [Doc. 43 at 6]. Further, the Court found that because of "the potential to invite ire in response to both homosexual conduct as well as plaintiffs' inclusion on Mississippi's sex offender registry, plaintiffs could reasonably expect 'extensive harassment and perhaps even violent reprisals if their identities are disclosed." [*Id.* at 5]. Accordingly, the Court determined

that good cause existed for the entry of a protective order. [*Id.* at 5].

On October 16, 2017, the Court entered an Amended Protective Order, which designates as "Confidential Information" the "Plaintiffs' names, identities, or any other identifying information . . . which would or could reveal their status as plaintiffs" [¶ 2]. The Amended Protective Order further states that "Confidential Information shall not mean or include records, documents, materials, or other information obtained by the Mississippi Sex Offender Registry, . . . unless any such non-public information is produced by defendants in this action." [*Id.*]. The Order prohibits the disclosure of Plaintiffs' identities and all Confidential Information to anyone other than the limited number of persons authorized to access such information in paragraph 4. [¶ 6]. The Order provides that the "parties shall follow the procedures set forth in Local Rule 79 when seeking to file information designated as Confidential." [¶ 3].

Defendants filed a Reply in Further Support of Defendants' Motion for Summary Judgment on June 15, 2018 [Doc. 138]. In order to protect the identity of Plaintiff Arthur Doe, as well as highly confidential, non-public information maintained by the Mississippi Sex Offender Registry ("MSOR") regarding certain other sex offenders, and consistent with the Court's Order [Doc. 43] granting Plaintiffs' motion to proceed under pseudonyms and the Court's October 16, 2017, Amended Protective Order, Defendants request leave to submit under seal redacted portions of the Reply in Further Support of Defendants' Motion for Summary Judgment, which contain information that could be used to identify Plaintiff Arthur Doe.

## ARGUMENT

Local Uniform Civil Rule 79(e)(3) specifically provides:

> Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and

a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:

(A) A non-confidential description of what is to be sealed;

(B) A specific request that the document or case:

(1) Be sealed from any access by the public and the litigants' counsel;

(2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or

(3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

(C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;

(D) References to governing case law; and

(E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

(F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

L.U.Civ.R. 79(e)(3).

"[T]he right to inspect and copy judicial records is not absolute," and "[e]very court has supervisory power over its own records and files." *Seals v. Herzing Inc.-New Orleans*, 482 Fed. Appx. 893, 896 (5th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van*

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

Here, Defendants are seeking to file under seal an unredacted Reply in Further Support of Defendants' Motion for Summary Judgment [Doc. 138], which contains personally identifying information and information that could potentially be used to identify Plaintiff Arthur Doe, such as his criminal history and the facts and circumstances underlying his unnatural intercourse conviction. This Court has already found that Plaintiff Arthur Doe's right to proceed anonymously in this action outweighs the public's right to access judicial records that could reveal his identity, and has entered a protective order barring the public disclosure of any information that could be used to identify him. [*See* Doc. 43 at 3-6]. For the same reasons the Court recognized Arthur Doe's right to proceed anonymously, Defendants should be allowed to file the unredacted Memorandum under seal. The redacted portions of the Reply also quote from exhibits this Court has already allowed to be filed under seal.

For purposes of Local Rule 79, Defendants submit that these are clear and compelling reasons that the Reply be sealed from any access by the public and be accessible only to plaintiffs' counsel and defendants' counsel. Defendants further submit that this action would be a narrowly tailored remedy under the circumstances because this is the character of sealing set forth in paragraph 3 of the Court's October 16, 2017, Amended Protective Order. Last, if the Court grants this Motion, Defendants respectfully request that the unredacted Reply be sealed permanently in order to protect the confidentiality of Plaintiff Arthur Doe's identity.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to enter an order allowing them to file an unredacted Reply in Further Support of Defendants' Motion for

Summary Judgment under seal.

  Respectfully submitted, this the 15th day of June, 2018.

           JIM HOOD, Attorney General of the
           State of Mississippi; MARSHALL FISHER,
           Commissioner of the Mississippi Department of
           Public Safety; CHARLIE HILL, Director of the
           Mississippi Sex Offender Registry; COLONEL
           CHRIS GILLARD, Chief of the Mississippi
           Highway Patrol; and LIEUTENANT COLONEL
           JIMMY JORDAN, Director of the Mississippi
           Bureau of Investigation, Defendants

      By: */s Wilson Minor*
         PAUL E. BARNES, MSB No. 99107
         WILSON MINOR, MSB No. 102663
         Special Assistant Attorneys General
         STATE OF MISSISSIPPI
         OFFICE OF THE ATTORNEY GENERAL
         Post Office Box 220
         Jackson, MS 39205
         Telephone No. (601)359-4072
         Facsimile: (601)359-2003
         pbarn@ago.state.ms.us
         wmino@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

This is to certify that I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, have electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert B. McDuff
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
rbm@McDuffLaw.com

Jacob W. Howard
MCDUFF & BYRD
767 N. Congress
Jackson, MS 39202
jake@McDufflaw.com

Ghita Schwarz - PHV
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
gschwarz@ccrjustice.org

Matthew Strugar - PHV
2108 Cove Avenue
Los Angeles, CA 90039
matthewstrugar@gmail.com

This the 15th day of June, 2018.

                                                  */s Wilson Minor*
                                                  Wilson Minor